## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

# FILED

### FEB 06 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



| | |
|---|---|
| Kiiyana Heath; Andrea Billups-Dryer; ) | |
| Ralpheal Valentine; Michael A. Skirmont ) | |
| Plaintiffs ) | CASE NO: 1:19-cv-00040 |
| V ) | |
| CITY OF MARKHAM A Municipal Corporation, ) | Judge Virginia M Kendall |
| MARKHAM POLICE DEPARTMENT; ) | Magistrate Judge Michael T. Mason |
| ROGER AGPAWA.; ROGER AGPAWA MAYOR OF ) | |
| MARKHAM; ROGER AGPAWA FIRE CHIEF OF ) | |
| THE CITY OF COUNTRY CLUB HILLS; ) | FIRST AMENDED |
| WILLIAM LAWRENCE; STEVEN R. MILLER; ) | COMPLAINT FOR VIOLATION |
| MICHELLE BROUGHTON FOUNTAIN; DEMARUS ) | OF CONSTITUTIONAL RIGHTS |
| ROGERS; COOK COUNTY BOARD UP; AND DOES ) | |
| 1-100 INCLUSIVE Inc ) | |
| ) | |
| Defendants ) | |

## FIRST AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

COMES NOW, Kiiyana Heath, Andrea Billups-Dryer, Ralpheal Valentine and Michael A.

Skirmont all individuals (hereinafter collectively referred to as ("Plaintiffs") by and through their

attorneys, hereby files First Amended Action, which Amends by total substitution the first Complaint

filed on January 3, 2019. Plaintiffs complain and allege against the City of Markham, Markham Police

Department, City of County Club Hills, Roger Agpawa, Mayor Roger Agpawa of City of Markham,

Fire Chief Roger Agpawa of County Club Hills, City Attorney Steven R. Miller for City of Markham,

Attorney Steven R. Miller, City Attorney Michelle Broughton Fountain for City of Markham, Attorney

Michelle Broughton Fountain, Cook County Board Up Company, Demarus Rogers -Code

Enforcement Officer for the City of Markham and Demarus Rogers inclusive (hereinafter

"Defendants"), as follows:

## UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
## Eastern Division

Kiiyana Heath, et al.

              Plaintiff,

v.

City Of Markham, et al.

              Defendant.

Case No.: 1:19–cv–00040
Honorable Virginia M. Kendall

## NOTICE OF MANDATORY INITIAL DISCOVERY

The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third–Party Complaint is served.

## THE PARTIES

1. Kiiyana Heath, Andrea Billups-Dryer, Ralpheal Valentine and Michael A. Skirmont (hereinafter sometimes referred to as "Plaintiffs") is and was at all times relevant hereto , residents and citizens of the State of Illinois.

2. City of Markham is a Municipal Corporation (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, an Illinois Corporation, having its principal place of business in Markham, and qualified and registered to do business in the State of Illinois, and

3. City of Markham Police Department is a Municipal Corporation (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, an Illinois Corporation, having its principal place of business in Markham, and qualified and registered to so business in the State of Illinois,

   and

4. Mayor Roger Agpawa, for City of Markham is informed and believes, and thereon alleges that Roger Agpawa is the Mayor for the City of Markham and is currently employed by the City of Markham as Mayor (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, an Illinois resident and Markham City employee,

   and

5. Fire Chief Roger Agpawa, for City of County Club Hills is informed and believes, and thereon alleges that Roger Agpawa was the Fire Chief for the City of Country Club Hills on initiating of this complaint and was employed by the City of Country Club Hills as Fire Chief (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, a Illinois resident and former City of Country Club Hills employee

   and

6. Cook County Board Up Company (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, and Illinois Corporation, having its principal place of business in the Midlothian, Illinois and qualified and registered to do business in the State of Illinois.

   and

7. Roger Agpawa (hereinafter also, referred to as "Defendant") is informed and believes, and thereon alleges that Roger Agpawa is an individual and is at all times relevant hereto, a resident and citizen of the State of Illinois,

   and

8. Director of Housing , for the City of Markham, William Lawrence is informed and believes, and thereon alleges William Lawrence is currently employed by the City of Markham as

Director of Housing (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, and Illinois resident and Markham City employee,

and

9. William Lawrence (hereinafter also, referred to as "Defendant") is informed and believes, and thereon alleges that William Lawrence is an individual and is at all times relevant hereto, a resident and citizen of the State of Illinois,

and

10. City Attorney, City of Markham , Steven R. Miller is informed and believes, and thereon alleges that Steven R. Miller is currently employed by the City of Markham as City Attorney (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, and Illinois resident and Markham City employee,

and

11. Steven R. Miller(hereinafter also, referred to as "Defendant") is informed and believes, and thereon alleges that Steven R, Miller is an attorney licensed to practice law in the State of Illinois an individual and is at all times relevant hereto, a resident and citizen of the State of Illinois,

and

12. City Attorney, City of Markham, Michelle Broughton-Fountain is informed and believes, and thereon alleges that Michelle Broughton-Fountain is currently employed by the City of Markham as City Attorney (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, and Illinois resident and Markham City employee,

and

13. Michelle Broughton-Fountain (hereinafter also, referred to as "Defendant") is informed and believes, and thereon alleges that Michelle Broughton-Fountain is an attorney licensed to practice law in the State of Illinois an individual and is at all times relevant hereto, a resident and citizen of the State of Illinois,

and

14. City of Markham Code Enforcement Officer Demarus Rogers is informed and believes, and thereon alleges that Demarus Rogers is currently employed by the City of Markham as Code Enforcement Officer (hereinafter also, referred to as "Defendant") is and was at all times relevant hereto, and Illinois resident and Markham City employee an individual and is at all times relevant hereto, a resident and citizen of the State of Illinois,

and

15. Demarus Rogers (hereinafter also, referred to as "Defendant") is informed and believes, and thereon alleges that Demarus Rogers is an attorney licensed to practice law in the State of Illinois an individual and is at all times relevant hereto, a resident and citizen of the State of Illinois,

And

16. The true names and capacities rather individual, corporate, associate, or otherwise, of
    Defendants:

I.      City of Markham a Municipal Corporation

II.     City of Markham Police Department

III.    Mayor for the City of Markham, Roger Agpawa

IV.     Fire Chief for the City of Country Club Hills, Roger Agpawa (between September 6,
        2018- October 3, 2018.

V.      Cook County Board Up Company

VI.     City Attorney for the City of Markham, Steven R. Miller

VII.    City Attorney for the City of Markham, Michelle Broughton-Fountain

VIII.   Director of Housing for the City of Markham, William Lawrence

IX.     Code Enforcement Officer for City of Markham, Demarus Rogers

X.      Roger Agpawa

XI.     Steven R. Miller

XII.    Michelle Broughton

XIII.   William Lawrence

XIV.    Demarus Rogers

Defendants (hereinafter to be known all collectively as "Defendants") including without limitation, any employer, franchisor, or owner d/b/a thereof, not currently known and therefore not yet named herein, are unknown to Plaintiff, who therefore sues and by such fictitious names. Plaintiff is informed and responsible in some manner for the events and occurrences referred to in this Complaint, and/or owes money to the Plaintiffs and/or may be affiliated with Congregation. Plaintiff will ask leave of the subject matter of this lawsuit occurred in the County of Cook in the State of Illinois.

Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, and attempts to claim some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, licenses, sub-licenses, contractors, sub-contractors, servants, sub-servants and/or the joint-venturers, of the remaining Defendants, and each of them, and in doing the

things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## JURISDICTION AND VENUE

1. Plaintiffs incorporate the preceding paragraphs of this Complaint as though said paragraphs were fully stated set forth at this point herein.

2. Venue is proper in this District because the incidents that is subject matter of this lawsuit occurred in the County of Cook. Plaintiffs, who were injured in said, incidents are residents of Illinois.

3. This action involves:
   a. Violation and discrimination of the Illinois Fair Housing Act (IFHA) ,
   b. Violation and discrimination of the Disability Discrimination Act (DDA),
   c. Violation and discrimination of the Illinois Human Rights Act (IHRA).

4. This action also, involves the violation of the Plaintiffs Constitutional Rights which include but not limited to:
   a. Fourth Amendment,
   b. Fifth Amendment,
   c. Fourteenth Amendment

5. This action also, involves the violation of plaintiff's civil rights as protected by the constitution and laws of the United States under which include but not limited to :
   a. 42 U.S.C. Section 1983,
   b. 42 U.S.C Section 1985.

6. The court has jurisdiction under 28 U.S.C. Section 1343.

7. VIOLATIONS OF THE RICO ACT

## EVENTS

1. On January 3, 2019 Plaintiff's filed their Petition for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief and COMPLAINT for Violation of Constitutional Rights.

2. On January 3, 2019 the Clerk of Court issued Summons to Defendants.

3. On January 4, 2019 the Court issued NOTICE TO THE PARTIES Discovery Pilot Program.

4. On January 4, 2019 the Summons and Complaints were filed with the Cook County Sheriff for Service to Defendants.

5. On January 9, 2019 Minute entry before the Honorable Virginia M. Kendall informing Plaintiffs that every Motion needs to be noticed up for Date, and all Defendants need to be notified. Plaintiff's Temporary Restraining Order is Stricken.

6. On January 22, 2019 and January 23, 2019 all Summons and Complaints were served on Defendants by the Cook County Sheriff Department.

7. On February 6, 2019 Plaintiff filed their FIRST Amended Action amending by total substitution the First Complaint Filed on January 3, 2019.

8. On February 6, 2019 Plaintiff added Defendants, Cook County Board Up, Roger Agpawa Fire Chief of Country Club Hills, Demarus Rogers - Enforcement Officer for the City of Markham.

## A. INTRODUCTION

On September 1, 2018 Michael A. Skirmont registered owner, designated Kiiyana Heath as his authorized agent for the property located at 16625 Hillcrest Drive Markham Il 60428, by way of Illinois Statutory Short Form Power of Attorney.

The POWER OF ATTORNEY was recorded as document number 1836247087 in the official records of COOK County Recorder of Deeds, Markham Illinois on December 30, 2018.

Defendant CITY OF MARKHAM after being made aware that the property was to be use for **Low Income Disabled Individuals and Veterans**, caused to be FILED IN COOK County CLERK OF COURT, Illinois A Petition to Declare Property Abandoned case #2018M6012211, alleging that the property has delinquent taxes for two or more years. Furthermore, they stated in their complaint the property is unoccupied by persons legally in possession. They also, have claimed that Officials of the City of Markham have inspected the aforesaid premises. By way of this purported inspection they claimed to have determined that the building is unsafe, dangerous, a public hazard and nuisance. Defendants have purported that the Plaintiff has been in violation of the Illinois municipal code Section 11-31-1 et seq., . Contrary too and in violation of many sections of the municipal Code for the City of Markham. They also, contend that the Plaintiffs have permitted the building to remain in constant disrepair, causing the building to become a menace to public health, safety, and public welfare. The plaintiff presented properly notarized Power of Attorney used to identify property ownership proving secured interest. This document was presented to the Housing Director William Lawrence which was then forwarded to Attorney Steven R. Miller, Markham City Attorney. Defendants requested the Court for Judicial Deed by filing a Petition to Declare Property abandoned. While at the same time they knew or should have known that the Plaintiff's had secured interest in property and the property was not abandoned as they claim.

Defendants, and each of them, intend to confiscate Plaintiff's property by way of Judicial Deed, through a conspired scheme in collusion with all named defendants attempting to illegally obstruct the legal possession of Plaintiff's property and block the intended use for Housing Disabled Veteran's.

## B. GENERAL ALLEGATIONS OF FACT

1. On August 10, 2018 Angelic Home of Hope, a non-for-profit organization petitioned the Courts for temporary possession of property located at 16625 Hillcrest Drive Markham Il 60428. The property was posted with a notice that the property would be used to house **Low Income Disabled Individuals and Veterans.**

2. On or about September 1, 2018 Michael A. Skirmont signed his property and interest over by way of Power of Attorney granting Kiiyana Heath Power of Attorney for the property located at 16625 Hillcrest Drive Markham Il 60428, PROPERTY INDEX NUMBER 28-23-427-037-0000. The Power of Attorney from Michael A. Skirmont appointed Kiiyana Heath Power Of Attorney over his property located at 16625 Hillcrest Drive Markham Il 60428 which was legally signed by Michael A. Skirmont and notarized by Andrea Billups. **(SEE EXHIBIT A-Affidavit of Andrea Billups Dryer).**

3. September 1, 2018 and at all times relevant to this action, Kiiyana Heath has had Power of Attorney and Deeded the property by way of Quit Claim Deed to Andrea Billups-Dryer and Ralpheal Valentine for the Property located at 16625 Hillcrest Drive Markham Illinois 60428.

4. On or about September 3, 2018 Kiiyana hired workers who began preventive maintenance on the home. The workers began to cut the lawn, perform lawn maintenance on the 3-4 foot weeds and grass in the back of the house. Sweep and clean the front of the house, pull up old carpet, paint, and clean old garbage from the basement. In an effort to prepare the house for occupancy by Angelic Home of Hope a Non For-Profit Organization dedicated to the welfare of Disabled Veterans which in turn would be used to house Low Income Disabled People and Veterans.

5. On or about September 3, 2018 the City of Markham informed Andrea that there were $1200 owed for grass maintenance administration fees and water billing that had accumulated and these fees would need to be paid before transfer of ownership could be attained.

6. On or about September 4, 2018, Andrea Billups-Dryer and Ralpheal Valentine were cleaning the front yard at the property located at16625 Hillcrest Drive Markham Illinois 60428 when a total of three Markham police cars arrived on the scene the officers informed Andrea that a neighbor called and reported suspicious activity. Andrea informed the police officers that they had paperwork which allowed them to be on the property and informed a female officer that they were cleaning the yard preparing the property to House Disabled Veterans.

7. On or about September 6, 2018 Kiiyana Heath hired Kenneth McDonald, Calvin Riles and Ralpheal Valentine assisted in cleaning the interior of the property located at16625 Hillcrest Drive Markham Illinois 60428. At approx. 4:30 PM five Markham police cars arrived at the property along with a gentleman in a Country Club Hills Fire Truck, wearing a Country Club Hills Fire Department uniform , who later identified himself as Fire Chief Roger Agpawa. The Police Officers along with Roger Agpawa walked up to the property, knocked on the door the officers accused the men of being squatters and forced the three men to come out of the house. Then the

officers entered into the property and searched the house. Agpawa was involved and gave the police orders as though he had interest in the property, or authority as Fire Chief of County Club Hills. Fire Chief Agpawa then instructed the City of Markham Police officers to remove Plaintiff's Notice Posted by Angelic Home of Hope, a non-for-profit organization, noticing the community of the future plans for the property. Which was to provide affordable housing for Disabled Veterans, the officers followed Agpawa instructions and removed the notice posted. Roger Agpawa claimed, what Angelic Home of Hope was trying to do is not going to work in his neighborhood or right down the street from his house indicating he lived nearby. The Police officers then forced the three workers to stop making improvements to the property and stop cleaning and leave the property stating that they did not have a right to be there. It is believed that the officers #590 S. Crawford, #584 C. Wright, #426, D. Walker and #572 Derrick Singleton, forced the accused three men of trespassing again and forced them to leave the premises or be arrested and charged with trespassing. **(SEE GROUP EXHIBIT B-Affidavit of Ralpheal Valentine, Kenneth McDonald and Calvin Riles).**

8. September 6, 2018 Andrea saw the Country Club Hills Fire Chief Agpawa drive by her address at 4136 Lakeview Drive Country Club Hills Il 60478, he did not stop. Andrea immediately took her paperwork, was able to catch up with Country Club Hills Fire Chief Agpawa in her car and offered Country Club Hills Fire Chief Agpawa the opportunity to see the paperwork which gave Plaintiffs authority to be in the property located at 16625 Hillcrest Drive Markham Il 60428 in an honest effort to resolve this issue. Fire Chief Agpawa declined to look at the paperwork and told Andrea that she needed to take the papers to the Markham Building Department and let them see the papers, so that we may be allowed back into the property.

9. September 7, 2018 an employee from the City of Markham Building Department, requested that the Cook County Board Up company provide a service to board up all the windows and doors at the property, effectively locking Plaintiff's out of the property.

10. On or about Monday September 10, 2018 Andrea and Kiiyana took a copy of the Power of Attorney to the Building Department where they met with the Director of Housing, William Lawrence. Lawrence told them even though they brought in a Power of Attorney proving secured interest, there still is a legal issue. Lawrence said he would forward the Power of Attorney to the City Attorney, Mr. Steven Miller which would need to be approved before anyone would be allowed back on the premises. He informed Andrea if anyone is caught on the property, they would be arrested. **(SEE EXHIBIT C- Affidavit of Kiiyana Heath).**

11. September 10, 2018 Andrea took a copy the Power of Attorney to the City of Markham Police Department and requested that they stop coming to the property harassing the workers.

12. Monday September 10, 2018 Andrea ordered a dumpster to get the garbage cleaned up that the workers had removed out of the house.

13. Also, on September 10, 2018 the Housing Director, William Lawrence, a Markham Police Officer believed to be the Police Chief, and another unknown individual pulled up and began to walk around the property. They walked around the rear of the property while Andrea explained that they did not have a right to board up the property. Andrea told Mr. Lawrence again, that they were tired of being harassed and intimidated for trying to provide housing for Disabled Veterans. They did not respond and then the three men left.

14. Also, on September 10, 2018 a man pulled up from a board up service, he apologized but stated he was sent back out to board up the garage door.

15. Monday September 10, 2018 Kiiyana Heath requested her Private counsel Roger Shannon to assist her, and to contact the City of Markham Attorney, Steven Miller at 708-799-5454 to help her gain access to her property.

16. September 10, 2018 Mr. Shannon called Attorney Miller and Miller informed Mr. Shannon that he would look over the Power of Attorney and get back to him to let him know if and when the Plaintiffs would be allowed back in the property. **(SEE Exhibit D- Affidavit of Roger Shannon).**

17. On or about September 12, 2018 there was a dumpster delivered to the property to remove the trash from outside of the house.

18. On or about September 12th, Lawrence then complained that the dumpster needed to be removed and the garbage around the dumpster was a problem.

19. September 13, 2018 Attorney Miller approved the Power of Attorney allowing re-entry to the property.

20. Mr. Shannon called Attorney Steven Miller again September 14, 2018 informing him that the City has boarded the doors and windows to the property and requesting the boards be removed. Attorney Miller said he would call the City of Markham to have the City remove the boards.

21. Monday September 17, 2018 Roger Shannon called Attorney Miller again requesting the boards to be removed, he said he would call the City of Markham again to request the boards be removed.

22. Monday September 17th, the boards had been removed. However, there was damage to the property, the windows were broken, there were dents and holes in the window frames and siding, where the boards were torn off, there were nails sticking in the siding, the Roth Iron Security Door on the rear basement door was missing. The lock on the front security door had been pried off, leaving a large mangled hole in the door where the lock had been, and all of the boards were left scattered around the property. **(EXHIBIT E-Pictures).**

23. September 17th Kiiyana again requested Mr. Shannon contact Attorney Miller to inform him of the damage to the property and request compensation.

24. On or about September 18, 2018 a City of Markham employee came out and wrote yet another ticket for the garbage and boards that they themselves left behind.

25. On September 18, 2018 Plaintiffs requested Roger Shannon call the City Attorney, to inform him of the damage that occurred to the house when the boards were removed from the house.

Roger Shannon called Attorney Miller and asked on behalf of Plaintiffs if it would be possible for the City of Markham to remove the $1200 fines on the house in exchange for the damage caused to the property when the boards were removed. Attorney Miller stated he did not know anything about the fines, but he did not believe that it would be possible to waive the fines for damage caused to the property.

26. September 18, 2018, Andrea called to have the dumpster removed after a complaint from Director Lawrence, stating that they would get more fines if the dumpster is not removed.

27. On September 19, 2018 dumpster was removed from the property.

28. On September 25, 2018 in a not so strange incident Country Club Hills Fire Chief Roger Agpawa, had been now been sworn in as the new Mayor of the City of Markham.

29. On Friday October 12, 2018 Andrea and her husband Charles saw and congratulated Agpawa on taking office and Andrea mentioned to him that the property on 16625 Hillcrest in Markham had been boarded up and there was damage to the property upon removing the boards. Mayor Agpawa stated he heard what happened and would contact her, stating he would personally take care of the situation.

30. On October 23, 2018 a City of Markham code enforcement officer wrote yet more tickets on the property for a garbage-can that was placed in the front of the house at approx. 11 a.m. This ticket would have validity and make sense however, this ticket was written on the designated garbage pickup day, before garbage pick-up?. Which in fact was later picked up and removed that same day by the Homewood Disposal.

31. Also, on October 23, 2018 a ticket written by the same officer, for a car parked in the driveway of the property. The car that had a temporary plate inside the rear window of the car, instead of on the rear outside plate holder of the car. The officer said the temporary license plate must be on the car and not in the window. Ralpheal immediately removed the plate from the window and put the temporary license plate on the rear bumper while the officer continued to write the ticket, the officer issued a ticket, even after seeing the issue was rectified. Ralpheal explained to the City officer that the garbage man was coming, and it was garbage day, and he asked the officer why he left a ticket for garbage-can being on the curb, but the officer did not respond.

32. On October 24, 2018, Andrea complained to the Mayors Assistant Ernestina and was directed to go downstairs and speak with the Director of Housing William Lawrence.

33. On October 24, 2018 Andrea met with Director Lawrence about the damage caused to the property caused by the city having the property boarded up, and the tickets issued on property.

34. On October 24, 2018 Andrea had a meeting with Mayor Agpawa, in his office at City Hall where it was explained to him that the property was not abandoned, and once again informing him of the future plans and use of the property for housing Disabled Veterans she also, explained the property damage caused by the illegal broad-up and Police Search.

35. On October 26, 2018, Mayor Agpawa retaliated against Plaintiffs, having Michelle Broughton-Fountain file a Petition in Markham Court House; City of Markham v. Michael A. Skirmont, Argent Mortgage Company LLC, Kilyana Heath, unknown owners, unknown occupants, and non-record claimants. This Petition was filed to Declare Property abandoned in 6th District Markham Court House, case # 20186012211 for the property requesting a Judicial Deed be issued to the City of Markham. **(SEE EXHIBIT F- Summons and Petition to declare property abandoned).**

36. On or about October 30, 2018, after the City of Markham had already given permission to the Plaintiffs assess to the premises allowing them to make repairs. A City employee came out and posted an orange sticker on the front window of the property for Non-occupancy, while Ralpheal Valentine was inside the premises working, painting, and making repairs to the house.

37. On November 20, 2018 another City of Markham employee came out to the property at 16625 Hillcrest Drive Markham Il 60428 and wrote two tickets. Ticket number B14623 a $500 ticket at 4:45 PM, for Theft of City Services, stating the water was turned on Illegally and ticket # B14624, a $500 ticket at 4:55 PM for No water service stating property has no water service.

38. On November 27, 2018 Charles Dryer submitted a FOIA request to the City of Markham requesting all tickets and fines related to the property located at 16625 Hillcrest Markham Il.

39. On November 30, 2018 Charles Dryer contacted the City of Markham and spoke with the Director of Building Department Mr. William Lawrence. Mr. Lawrence informed Charles of an issue with some garbage in the rear of the house and he wanted the people to move out. Charles informed Mr. Lawrence that no one was living in the property.

40. On December 4, 2018, Charles Dryer received a 2-page email response regarding his FOIA, submission stating that there were $1200.00 in water and administration fees. **(SEE EXHIBIT G-FOIA response).**

41. On December 4, 2018 according to the City records, a City of Markham worker filled the hole that controls the water with rocks.

42. On December 12, 2018 Ralpheal saw a City of Markham Water Department worker sitting in front of the house. The worker threatened to call a code enforcement officer, Ralpheal went to the store, upon returning to the house five Markham Police cars were at the property. They stated they received a complaint that squatters were at the property again.

43. On Thursday December 13, 2018 Prior to going to Markham Housing court Andrea stopped by the property to take pictures of the corrections and the garbage removed for the 9 a.m. court hearing.

44. Also, on December 13th the city of Markham Water Department City employees, dug up the B-Box that controls the water to the property, destroying the bushes and damaging the lawn in front of the house to discover the reason the water was unable to be completely turned off was because it had no stop valve installed.

45. On December 13, 2018 Plaintiffs appeared in Markham City Court to address two known violations this case was reset to be heard on February 14, 2019 due to conflict of interest and 6 more violations were added to the original compliant to also, be heard February 14, 2019. **(SEE EXHIBIT H- Two Tickets).**

46. On December 13th the Adjudicator/Judge ordered that the Plaintiffs submit a FOIA request for the violations that are to be addressed on February 14, 2019. However, this action by the court doesn't make sense because in order to address the City violations, the City must provide to the Plaintiff the violations without FOIA. This action by the court is confusing, directing the Plaintiff to FOIA information on violations written on their property before they can be addressed in open court is a violation of Standard Procedure according to the City's Own Ordinances. Plaintiffs were only made aware of ticket numbers 14306, 14307, 13911,14088,14087, 14624, 14623 and citation number 14102 only the citation numbers, the subject matter involved in the citations was denied then Plaintiffs were instructed by the Court that they would have to FOIA any information in regards to those same citations for the hearing date set by the Court for February 14, 2019, to address the citations they issued to the Plaintiff?

47. On December 13, 2018, Attorney Michelle Broughton-Fountain was made aware that the property at 16625 Hillcrest Drive Markham Il was not abandoned, through Plaintiff's appearance at housing court, however she continued to seek an action for Judicial Deed in State court, claiming the property at 16625 Hillcrest Markham Il 60428 to be abandoned.

48. On December 13, 2018 Andrea sent Mayor Agpawa a complaint letter via certified mail # 7018 0360 0001 3872 4912 and cc: a copy to the City Attorney, Attorney Steve Miller certified mail # 7018 0360 0001 3872 4929 and the Director of Housing William Lawrence certified mail # 7018 0360 0001 3872 4936. **(SEE EXHIBIT I- Letter sent to Agpawa, Miller and Lawrence).**

49. On December 19, 2018 complaint letters sent on December 13, 2018 were delivered.

50. On December 19, 2018 Andrea informed Mayor Agpawa's assistant, Ernestina that the violations on the Property were corrected.

51. On December 19, 2018 Kiiyana submitted a FOIA request to the City of Markham requesting, information relating to any Police reports and complaints for 16625 Hillcrest Markham.

52. On December 19, 2018 Andrea Dryer submitted a FOIA to the City of Markham requesting information related to the report on the findings of the B-Box dig and the water meter readings, both were for a specific period of time. **(SEE EXHIBIT J-FOIA sent from Andrea and Kiiyana).** As of January 3, 2019, Kiiyana and Andrea had not received a response for the FOIA requests sent.

53. December 20, 2018, the day after Mayor Agpawa received, Andrea's letter, at 12:32 PM the City of Markham Attorney, Michelle Broughton-Fountain filed a Motion to Add a Party, that added Andrea Dryer as a Respondent in the State Case to Declare the property abandoned and for

Andrea to be served by Special Process Server, she also added the Non For-Profit Organization

Angelic Home of Hope. **(SEE EXHIBIT K- Affidavit).**

54. December 26, 2018 Andrea received the Motion filed by Attorney Fountain to add her as a Plaintiff to the Civil Housing case.

55. On December 26, 2018 at approximately 3:00 P.M. Andrea and Mr. Shannon went into the City of Markham Housing Department to request the amount necessary to pay fees and fines on the property at 16625 Hillcrest Markham Il 60428. They were informed that in order to obtain that information a FOIA request would have to submitted.

56. December 26, 2019 while at City Hall requesting Fines and Fees, Demarus Rogers a City of Markham Code enforcement Officer informed Andrea and Roger Shannon that the property at 16625 Hillcrest Dr. Markham was being handled personally by the Mayor and he was directed not to release any information regarding that property. Demarus stated that this situation was above his paygrade. **(SEE Exhibit D Refer back- Affidavit of Roger Shannon).**

57. December 26, 2018 Andrea and Shannon visited the Housing Department to request a transfer stamp and was denied pursuant to court fee and fines. Andrea Billups-Dryer and Ralpheal Valentine currently holds an unrecorded Deed for the property at 16625 Hillcrest Drive Markham Il 60428, which cannot be recorded until all fines and fees are paid.

58. January 2, 2019 Mr. Shannon called Attorney Miller's office again looking for the amount needed to pay the fines at 16625 Hillcrest Dr. Markham Il 60428 no information was released.

59. January 2, 2019 Andrea called the City of Markham Clerk's office to request the FOIA information and spoke to the Clerk who told her that the rules of procedure had recently been changed and that FOIA requests submitted by Andrea Dryer, Kiiyana Heath and Ralpheal Valentine are being handled by the Mayor and the Mayors Office personally.

60. January 3, 2019 Andrea while at City Hall saw Mayor Agpawa by the elevator and he informed her that he had received the FOIA request dated December 19, 2018 and it would be responded to by City Attorneys.

61. On January 4, 2019 Ralpheal Valentine submitted a FOIA request to the City of Markham requesting any and all fees and fines associated with the property located at 16625 Hillcrest Drive Markham Il 60428 including the breakdown of all fees and fines needing to be paid in order to obtain an occupancy inspection and restore water services at the same address, no response received. **(SEE EXHIBIT L-FOIA request)**

62. On January 4, 2019 Andrea sent Attorney Michelle Broughton- Fountain a letter via certified mail #7018 0360 0001 3872 4899 establishing the status of the property. **(SEE EXHIBIT M-LETTER).**

63. On January 7, 2019 the letter was delivered to Michele Broughton Fountain

64. On Jan 8, 2019 the City of Markham responded to Kiiyana's FOIA request dated December 19, 2018, requesting any and all police reports, or police records, complaints, police tickets relating to

16625 Hillcrest Drive Markham for the period of January 2015, thru December 19, 2018. This request was granted in part and denied in part. **(SEE EXHIBIT N- FOIA RESPONSE)**

65. On Jan 8, 2019 the City of Markham responded to Andrea's FOIA request dated December 19, 2018, requesting meter readings and B-Box dig report. The request was Granted in part and Denied in Part. **SEE EXHIBIT O- FOIA RESPONSE)**

66. On or about January 9, 2019 Andrea inquired in the Markham Public Works Department as to what Company boarded the property up at 16625 Hillcrest Drive, Markham Il 60428 and the employee informed her that the Cook County Board Up boarded the property up and removed the boards. The female employee provided a name and phone number for the company to Cook County Board Up.

67. On or about January 9, 2019, Andrea called Cook County Board Up and spoke with a female, who identified herself as Jessica. Jessica informed Andrea that they were directed to board the property up at 16625 Hillcrest Drive Markham Il 60428 by someone from the City of Markham Building and Housing Department. Jessica also stated that they boarded the property up on September 7, 2018 and removed the boards on September 17, 2018.

68. On January 9, 2019 Andrea submitted a FOIA request to the City of Markham requesting any and all complete inspection reports or permits granted for the property located at 16625 Hillcrest Drive Markham Il 60428 for the period of January 1, 2000 through January 9, 2019.

69. On January 9, 2019 Kiiyana submitted a FOIA request to the City of Markham requesting any and all police reports during January 1, 2007 thru January 9, 2019 for the property located at 16625 Hillcrest Markham Illinois. Please provide the report number along with the complete report all pages and any amendments or addendums.

70. On January 9, 2019 Ralpheal submitted a FOIA request to the City of Markham requesting:
   1. Any and all dates that the property at 16625 Hillcrest Markham Il was boarded up
   2. When the boards were removed
   3. The name of the board up company
   4. The phone number of the company that performed the board up
   5. The name of person(s) who authorized the board up and removal

71. January 9, 2019 Kiiyana submitted a FOIA to the City of Markham requesting Police reports and report numbers for subject property during 1/1/2007 thru 1/9/2019.

72. On January 16, 2019 Kiiyana's January 9, 2019 FOIA request was Denied by Eric S. Blohm FOIA Officer stating that there are no records responsive to the January 9, 2019 request other than those provided in the response to the December 20, 2018 request. Pursuant to 5 ILCS 140/3(g) the request is unduly burdensome.

73. On January 16, 2019, Andrea's January 9, 2019 FOIA request for inspection reports or permits was Granted in part and Denied in part by Latrice Merriweather-Pickett, City of Markham FOIA Officer. Andrea received 3 pages, in response to her January 9, 2019 FOIA request there were

two permits and a permit application dated 8-7-01. The inspection reports were Denied and not included. **(SEE EXHIBIT P- FOIA response)**.

74. On January 16, 2019 Ralpheal received a response regarding his January 4th, 2019 FOIA request for fees and fines from Latrice Merriweather (FOIA Officer) stating she attached a response to the FOIA request. The response was dated January 16, 2019 and it was a Denial of the information requested regarding the board up information of the property at 16625 Hillcrest Markham Il 60428. There was nothing provided explaining the fees and fines on the property as requested by Ralpheal's January 4th FOIA.

75. On January 16, 2019 Ralpheal Valentine received a response from his January 9, 2019 FOIA from Latrice Merriweather-Pickett. Ralpheal's request requesting information regarding the Board up Company was denied. **(SEE EXHIBIT Q- FOIA Denial).**

76. On January 20, 2019 Ralpheal Valentine sent Latrice Merriweather an email informing her that he submitted a FOIA request January 4, 2019 requesting any and all fees and fines associated with the property requesting that she respond to the FOIA that he submitted, informing her that he had not received the information. **SEE EXHIBIT R- Email)**

77. On January 22, 2019 Ralpheal received an email response from Latrice Merriweather, FOIA Officer stating she was resending the response for the January 4th FOIA however the response was dated January 16, 2019 and it was the same information regarding the board up information, but nothing relating to the fees or fines on the property.

78. On January 22, 2019 Andrea submitted a FOIA request to the City of Markham requesting any and all 911 calls which caused officers to be dispatched to 16625 Hillcrest Drive Markham Il 60428 on Sept 6, 2018 along with all officer dash cams and body cams from all officers on call at the location of 16625 Hillcrest Drive Markham Illinois 60428 between 3 p.m. and 7 p.m. on September 6, 2018.

79. On January 22, 2019 at 5:45pm Ralpheal received an email from Latrice Merriweather email address Lmerriweather@cityofmarkham.net, stating that she resent the response to the FOIA request below. There was no attachment to that email and no response to the FOIA.

80. On Jan 23, 2019 Roger Shannon called Steven Miller to request the fees for the property at 16625 Hillcrest Drive Markham Il 60428. Shannon also informed Attorney Miller that three officers had forced Andrea to leave the Markham City Hall building. Miller informed Shannon that the fees would be made available he had assumed that information was already released.

81. On January 23, 2019 Ralpheal emailed Latrice Merriweather two times requesting the fees and fines requested via FOIA submission on January 4, 2019. With no success.

82. On January 24, 2019 Ralpheal submitted a FOIA request for the complete video footage from all angels of the front door video camera by the Water Department in Markham City Hall from January 22, 2019 between 3 p.m. and 5 p.m.

83. January 26, 2019 at 1:00 PM Ralpheal emailed Latrice Merriweather requesting the Fees and fines for 16625 Hillcrest Dr 60428.

84. January 30, 2019 Andrea received a notice of extending time to her FOIA submitted requesting all 911 calls, body cams and dash cams from the incident on September 6, 2018 from Eric Blohm. **(SEE EXHIBIT S- Letter)**

85. February 1, 2019 at 1:00 PM Ralpheal emailed Latrice Merriweather two times requesting the Fees and fines for 16625 Hillcrest Drive 60428.

86. February 1, 2019 at 12:15 PM Ralpheal received an email from Latrice Merriweather regarding the Fees and fines for 16625 Hillcrest Drive 60428. The email stated "I resent the original email with the response to the January 4, 2019 FOIA request you submitted. The response states you can do a Request for Review. Information was provided for you to contact the Public Access Counselor (PAC) at the Office of the Attorney General."

87. On or about February 1, 2019 Plaintiff's filed a complaint against Defendants with the Illinois Attorney General.

88. February 2, 2019 Ralpheal emailed Latrice Merriweather two times requesting the Fees and fines for 16625 Hillcrest Drive 60428, explaining to her that Attorney Miller said the fees would be released and the Adjudicator for the City ordered us to FOIA the fees. .

89. February 2, 2019 Andrea submitted a FOIA to the City of Markham requesting any and all complete inspection reports for 16625 Hillcrest Drive Markham Il for a specific period of time.

90. February 5, 2019 Ralpheal emailed Latrice Merriweather requesting the fines and fees because she did not respond to the email sent on February 2, 2019.

91. February 6, 2019 Ralpheal emailed Latrice Merriweather requesting the fines and fees for the property at 16625 Hillcrest Drive Markham Il 60428.**(SEE EXHIBIT T-AFFIDAVIT)**

## FIRST CAUSE OF ACTION

(Fraud)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence of Fraud committed by the Defendants where material representation was made by the Defendants

3. There is clear and convincing evidence of Fraud committed by the Defendants when they knew or should have known material representations were false

4. There is clear and convincing evidence of Fraud committed by the Defendants when they knew or should have known the material representations were false, or made a positive or compelling assertion without having knowledge of the truth

5. There is clear and convincing evidence of Fraud committed by the Defendants when they made false material representations with the intent of causing the plaintiff to act

6. There is clear and convincing evidence of Fraud committed by the Defendants when they caused the Plaintiff to act relaying on the Defendants false material representations

7. There is clear and convincing evidence of Fraud committed by the Defendants that the plaintiff was damaged or suffered injury because of the act or false material representation or and representation by the Defendant

## SECOND CAUSE OF ACTION

### (Intentional Inflection of Emotional Distress)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing  evidence that actions or conduct of the Defendants were extreme or outrageous

3. There is clear and convincing evidence that the Defendants acted intentionally and or recklessly

4. There is clear and convincing evidence that the Defendants actions or conduct caused severe emotional distress to the Plaintiffs

## THIRD CAUSE OF ACTION

### (Discrimination)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence that the Defendants discriminated against Plaintiffs in violation of  the Illinois Fair Housing Act (IFHA)

3. There is clear and convincing evidence that the Defendants discriminated against Plaintiffs in violation of the  Disability Discrimination Act  (DDA),

4. There is clear and convincing evidence that the Defendants discriminated against Plaintiffs in violation of the Illinois Human Rights Act (IHRA).

## FOURTH CAUSE OF ACTION

### (Violation of Constitutional Secured Rights)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence that the Defendants violated Plaintiffs Fourth Amendment  Constitutionally Secured Rights which include but not limited to *"The Fourth Amendment of the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by*

*Oath or affirmation, and particularly describing the place to be <u>searched</u>, and the persons or things to be <u>seized</u>."*

3. There is clear and convincing evidence that the Defendants violated Plaintiffs Fifth Amendment Constitutionally Secured Rights which include but not limited to "*No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation. **Due process** is the legal requirement that the <u>state</u> must respect all <u>legal rights</u> that are owed to a person. Due process balances the power of <u>law of the land</u> and protects the individual person from it. When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends the <u>rule of law</u>.*"

4. There is clear and convincing evidence that the Defendants violated Plaintiffs Fourteenth Amendment Constitutionally Secured Rights which include but not limited to "Fourteenth Amendment *"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Procedural due process is the guarantee of a fair legal process when the government tries to interfere with a person's protected interests in life, liberty, or property, and substantive due process is the guarantee that the fundamental rights of citizens will not be encroached on by government"*

## FIFTH CAUSE OF ACTION

(Violation of Freedom of Information Request)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence that the Defendants violated Freedom of Information Act by not making available to the Plaintiffs requested public information

3. There is clear and convincing evidence that the Plaintiffs requested records that demonstrated a compelling need and the Defendants violated the Freedom of Information Act by not providing the information related to that request

4. There is clear and convincing evidence that the Defendants were in noncompliance with City of Markham Court Order to provide FOIA request to Plaintiffs upon request

by Plaintiff thereby making the Defendants in violation of the Freedom of Information Act in direct violation of City Court Order to provide requested documents to Plaintiff

## SIXTH CAUSE OF ACTION

(Civil Rights Violations)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence that the Defendants violated Plaintiffs Civil Rights which include but not limited to 42 U.S.C. Section 1983, Civil Rights for depravation of Rights *"Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."*

3. There is clear and convincing evidence that the Defendants violated Plaintiffs Civil Rights which include but not limited to 42 U.S.C Section 1985. Conspiracy to Interfere with Civil Rights *"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."*

4. There is clear and convincing evidence that the Defendants violated Plaintiffs Civil Rights which include but not to one or more of the conspirators did, or caused to be done, 'any act in furtherance of the object of [the] conspiracy whereby another was 'injured in his person or property' or 'deprived of having and exercising any right or privilege of a citizen of the United States

## SEVENTH CAUSE OF ACTION

### (Criminal Damage to Property)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence that the Defendants committed criminal damage to property or a property crime that typically involves some type of damage to Plaintiffs real estate. It is further alleged a crime when the perpetrator does not own the property that they are damaging and does not have the permission from the rightful owner. Which include but not limited to

3. There is clear and convincing evidence that the Defendants knowingly damages any property of another;

4. There is clear and convincing evidence that owner of the property or land damaged NEVER consented to the damage.

## EIGHTH CAUSE OF ACTION

### (Violations of Rico Act)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is clear and convincing evidence that the Defendants committed the conduct of carrying out the directions of the Mayor.

3. There is clear and convincing evidence that the Defendants committed a violation of RICO Act by participating in a pattern of racketeering activity by committing at least two acts of racketeering activity.

4. There is clear and convincing evidence that the Defendants acts amount to or pose a threat of continued criminal activity.

5. There is clear and convincing evidence that the Defendants acts are Open-ended continuity does not span for a certain period of time. Rather, the racketeering acts include a specific threat of repetition extending indefinitely into the future.

6. There is clear and convincing evidence that the Defendants acts are part of an ongoing entity's regular way of doing business.

7. There is clear and convincing evidence that the enterprise will still exist and maintain structure without the illegal conduct.

8. There is clear and convincing evidence that Defendants element of 'racketeering activity' is extremely broad including Fraud, retaliating against a witness, or victim, Defendants acts were committed for the purpose of financial gain.

## E. PLAINTIFFS ARE LIKELY TO PREVAIL ON THE MERITS AT TRIAL

92. The Defendants being allowed to declare property abandoned /or issuance of a judicial deed /or any further transfer of ownership or encumbrance must be enjoined because the evidence elicited demonstrates that Plaintiff will succeed on the merits at trial. Plaintiff has successfully alleged seven causes of action against Defendants in this case, which include violations of Fraud;

93. Plaintiffs also claims violation of rights that may be protected by the laws of Illinois, such as assault, malicious prosecution, conspiracy, conspiracy to commit fraud conspiracy in the procurement of fraud and/or any other claims that may be supported by the allegations of this complaint.

94. An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties.

95. Plaintiff contends that Defendants do not have a right to continuously conspire in collusion to confiscate property nor do they have a right to maliciously Prosecute Plaintiffs in an attempt to deprive them of their property or to obtain a Judicial Deed, by conspiring to steal the property by way of judicial deed.

96. That defendant's violated Plaintiffs constitutionally secured rights by unreasonable search and seizure without a search warrant and without probable cause to believe that evidence of a crime is present.

97. The defendant's violated laws, of the United States as well as unfair and deceptive business practice and committed conspiracy to commit fraud in an attempt to take Plaintiff's property. A judicial declaration is necessary and appropriate at this time under all the circumstances so that plaintiffs may determine their rights and duties under all applicable Law

98. At the very basis of Plaintiff's Complaint, based upon the facts outlined herein and above, Plaintiff has alleged and can demonstrate at trial that Defendants through misrepresentation are attempting to Declare Plaintiff's real property abandoned and fraudulently seek a Judicial Deed, that the city of Markham in fraudulent effort to confiscate Plaintiff's property.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands trial by jury of all issues as triable as a matter of law.

Dated: February 6, 2019

Andrea Billups-Dryer

Kiiyana Heath

Rapheal Valentine

Michael A. Skirmont

## **PRAYER**

WHEREFORE, plaintiff requests judgment as follows:

1. All enjoining defendants, defendants' agents, attorneys, and representatives, and all persons acting in concert or participating with them, causing further damage to the property, harassing, intimidating, illegally searching and seizure of the property. Defendants attempting to mount unnecessary fines in an elaborate attempt to declare the property abandoned for the purpose of obtaining a fraudulent Judicial Deed in an effort to illegally obtain property;

2. A declaration by the court declaring the property NOT abandoned;

3. NOT allowing the issuing of a Judicial Deed to the City of Markham or their agents, employees, licenses, sub-licenses, contractors or sub-contractors, lawfully or unlawfully as may or not be required by law;

3. Costs of suit; and

4. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

 5. Punitive damages against Defendants; and

6. Such injunctive, dilatory, or other relief as may be appropriate, including Attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Any further relief that the court may deem just and equitable.


Dated: February 6, 2019

Andrea Billups-Dryer

Kiiyana Heath

Ralpheal Valentine

Michael A. Skirmont

EXHIBIT A

## **AFFIDAVIT**

I, Andrea Billups, a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of her knowledge and believes them to be true and admissible as evidence in a court of law, and stated herein:

1. I was the witness and Notary who Notarized the original Illinois Statutory Short Form Power of Attorney of Property for Michael A. Skirmont, as he designated Kiiyana Heath as his agent granting her powers of Attorney over his property Located at 16625 Hillcrest Drive Markham Illinois, 60428.

FURTHER AFFIANT SAYETH NAUGHT

_____     December 28, 2018
Affiant     Andrea Billups          Date

State of Illinois    )
                     ) ss:        NOTARY ACKNOWLEDGMENT
County of Cook       )

On _28th, Dec_____, 2018 before me, _HADIZAT OLAGUNJU_____
                                              (Notary Public)

Personally appeared Andrea Billups, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the Laws of the State of Illinois that the foregoing Paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

OFFICIAL SEAL
HADIZAT OLAGUNJU
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/18/21

My commission Expires _07/18/21_____

## AFFIDAVIT OF ANDREA BILLUPS

I, Andrea Billups., a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of my knowledge and believes Under penalties as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true735 ILCS 5/1-109, them to be true and admissible as evidence in court of law, and stated herein:

1. I Andrea Billups Dryer requested assistance of Mayor Agpawa with the damage and harassment to the property located at 16625 Hillcrest Drive Markham Il 60428 on or about at the party of her husband Charles boss. He informed me that he had heard about what happened and he would take care of it.

2. I Andrea Billups Dryer met with Mayor Agpawa on October 24, 2019 in regards to the damage to the property, and the police searching the property at 16625 Hillcrest Drive Markham and he informed me that he would call me so that we can work it out.

3. I saw the City Employee damage the bushes and the lawn in the front of the house at 16625 Hillcrest Dr. Markham on December 13, 2018.

4. The employees told me the water was unable to be completely shut off because it needed to be repaired.

5. A City of Markham Employee told me that the water was not tampered with.

6. I sent a letter to Attorney Michelle Broughton-Fountain informing her that the property at 16625 Hillcrest Dr. Markham Il 60428 was not abandoned

Further affiant saith not.

_____     _____2/5/19_____
Andrea Billups-Dryer                              Date
Affiant

*Andrea Billups-Dryer*  Subscribed to and sworn before me on this __5th__ day of

_February_____ 2019.

_____
Notary Public State of Illinois

PAQUITA DOYLE
Notary Public- Seal
State of Indiana
My Commission Expires May 28, 2020

EXHIBIT B

# AFFIDAVIT OF RALPHEAL VALENTINE

I, Ralpheal Valentine, a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of her knowledge and believes Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true. 735 ILCS 5/1109. them to be true and admissible as evidence in a court of law and stated herein.

1. On or about September 4, 2018 the Markham police came to 16625 Hillcrest Dr. Markham, Il., and my mother was in the front doing yard work. Markham Police officers pulled up asking us what business we had on the property. Ms. Dryer told them that we were here to maintain the property and keep the upkeep of the property. They asked her for her identification which was provided, and they sat there talking for a while then left.

2. There was another incident shortly after that one involving the Markham Police when me Ken and Calvin were working in the house. Markham police came up and walked in, they asked that we provide documentation for us being there. When we told them that we were just working they then asked for identification and our names were ran and we were made to leave premises, or we would be arrested.

3. On December 12th 2018 while Leaving the premises to remove the last of the garbage from the back, I noticed the Markham water department worker sitting in the truck out front. I asked him did he need anything, and he said the code enforcer was coming to speak with the owner of the house. I informed him I would let the owner know and she would reach out to them. I left and when I returned there were 5 police cars at the property. The officer said that they received a call of some squatters. I told them that wasn't the case because the person that owns the property has full possession. He then asked for my name, which i gave then I proceeded to take the trash from the backyard to the dumpster across the street the officers left.

4. It is ongoing harassment from the City of Markham when I am at the property at 16625 Hillcrest Markham Il 60428.

Further affiant saith not.

Dated December 20, 2018 By _____

STATE OF ILLINOIS   )
                           ) sv: AFFIDAVIT

COUNTY OF COOK    )

On _12/19/18_____, 2018 before me, _Charles M. Dryer_____
                                       (Notary Public)

Personally appeared Ralpheal Valentine, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the Laws of the State of Illinois that the foregoing Paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Charles M. Dryer_____ (Seal)

OFFICIAL SEAL
CHARLES M DRYER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/24/19

My commission Expires _____9/24/19_____

# AFFIDAVIT OF KENNETH MCDONALD

I, Kenneth Mc Donald , a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of her knowledge and believes Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true. 735 ILCS 5/1109. them to be true and admissible as evidence in a court of law, and stated herein:

1. I was at the property located at 16625 Hillcrest Markham Illinois working to clean the garbage out of the basement, pull up carpet when the Markham Police came to the property, told me, Calvin and Ralph that we did not belong there, they made us leave.

2. They said if we did not leave they were going to lock us up.

3. Ralph informed them that we had authority to be at the property.

4. There were officers and City workers that knocked on the door.

5. As I went back 2 days later, the house was boarded up.

6. My tools and belongings were locked in the house.

7. I noticed the boards on the house for about 1 week.

8. One of the Police took the paper off the window and said they had problems with this Organization before.

Further affiant saith not.

Dated December 20, 2018 By _Kenneth Mc Donald_

STATE OF ILLINOIS )
                          ) sv: AFFIDAVIT
COUNTY OF COOK )

On ⟨12 | 20 | 18⟩ , 2018 before me

(Notary Public)

Personally appeared Kenneth McDonald, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the Laws of the State of Illinois that the foregoing Paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

OFFICIAL SEAL
ROLANDE GALLION
Notary Public - State of Illinois
My Commission Expires 4/14/2020

My commission Expires ⟨4 14 2020⟩

# AFFIDAVIT OF CALVIN RILES

I, Calvin Riles, a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of her knowledge and believes Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true. 735 ILCS 5/1109. them to be true and admissible as evidence in a court of law, and stated herein:

1. I was working at 16625 Hillcrest Markham Illinois 60428, working to clean the garbage out of the basement when the Markham Police came to the property.

2. I saw approximately 4 -5 officers, they knocked on the door then, the Police officers came in and asked what we were doing there. I explained that we were here cleaning out the house.

3. One of the officers took the paper notice out window, and said it wasn't no good, we had problems with you before.

4. They walked through the house searching.

5. They told us we could be charged with trespassing and threatened to lock us up if we didn't leave.

6. The officers made us leave the property.

7. They ran our names.

8. One officer said that he seen us earlier and we took off running, we told him he was mistaken because we been in here working all day. I told him he didn't see us earlier running, why would we be running, and we were here working all day

Further affiant saith not

Dated December 20, 2018 By _Calvin Riles_

STATE OF ILLINOIS   )
                  ) sv: AFFIDAVIT
COUNTY OF COOK   )

On  12 | 20 | 18  , 2018 before me, _____
                                            (Notary Public)

Personally appeared Calvin Riles, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the Laws of the State of Illinois that the foregoing Paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

My commission Expires   4 / 14 - 2020

# EXHIBIT C

# AFFIDAVIT OF KIIYANA HEATH

I, Kiiyana Heath., a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of my knowledge and believes Under penalties as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true735 ILCS 5/1-109, them to be true and admissible as evidence in court of law, and stated herein:

1. I Kiiyana Heath took the Power of Attorney from Michael A. Skirmont appointing me Power of Attorney to the City of Markham on     and gave it to William Lawrence.

2. William Lawrence said he would forward the Power of Attorney to the City Attorney, Mr. Steven Miller which would need to be approved before anyone would be allowed back on the premises.

3. He informed Andrea if anyone is caught on the property, they would be arrested.

4. I am not aware of anyone tampering with the water services at 16625 Hillcrest Dr Markham Il 60428.

5. I authorized Ralpheal Valentine, Kenneth McDonald and Calvin Riles to clean the property and be in the property at 16625 Hillcrest Dr Markham Il 60428.

6. I posted a NO TRESSPASSING SIGN in the window at 16625 Hillcrest Dr Markham Il 60428.


Further affiant saith not.


_Kiiyana Heath_
Kiiyana Heath
Affiant

Date   2|5|19

_Kiiyana Heath_     Subscribed to and sworn before me on this   5th   day of

Febuary   2019.

_Paqita Doyle_

Notary Public State of Illinois

PAQUITA DOYLE
Notary Public- Seal
State of Indiana
My Commission Expires May 28, 2020

EXHIBIT D

# AFFIDAVIT OF ROGER SHANNON

I, Roger Shannon., a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of my knowledge and believes Under penalties as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true735 ILCS 5/1-109, them to be true and admissible as evidence in court of law, and stated herein:

7. I Roger Shannon spoke with the City of Markham Attorney, Steven R Miller on or about September 10, 2018 regarding the Power of Attorney of Michael A Skirmont, appointing Kiiyana Heath representative.

8. I Roger Shannon spoke to the City of Markham Attorney, Steven R. Miller on behalf of Andrea and Kiiyana on more than 6 occasions beginning on December 13, 2018 regarding the fines and fees for the property located at 16625 Hillcrest Markham Il 60428. He consistently told me he would get me the fees, as of January 24, 2019 there were no fees provided.

9. I was present on December 26, 2018 when Demarus Rogers stated that the property located at 16625 Hillcrest Dr. Markham Il was being personally handled by the Mayor, and he was directed not to release any information regarding the property. He stated that the issue with the property was above his pay grade.

Further affiant saith not.

_____
Roger Shannon
Affiant

_____
02-05-2019.
Date

_Roger Shannon_ Subscribed to and sworn before me on this ___5th__ day

of _Febung_. _____ 2019.

_____

Notary Public State of Illinois

PAQUITA DOYLE
Notary Public- Seal
State of Indiana
My Commission Expires May 28, 2020

EXHIBIT E

























EXHIBIT F

| 2120 - Served | 2220 - Not Served | 2620 - Sec. of State |
|---|---|---|
| 2121 - Alias Served | 2221 - Alias Not Served | 2621 - Alias Sec. of State |
| Summons | | (06/28/18) CCM 0649 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### Sixth MUNICIPAL DISTRICT, CIVIL DIVISION

Name All Parties

**CITY OF MARKHAM**

Plaintiff(s)

v.

**MICHAEL A SKIRMONT, ARGENT MORTGAGE COMPANY, LLC, KILYANA HEATH,** Unknown Owners, Unknown Occupants and Non-Record Claimants   **Defendant(s)**

See attached service list

Address of Defendants

Case No. _____

Amount Claimed $ _____

Appearance Filing/Return Date Return Date: 11/28/2018

Status Date: _____

Trial Date: _____

Time _____ ○ AM ○ PM  Room: _____

Please serve as follows:  ○ Certified Mail  X Sheriff Service  ○ Alias (Plaintiff select one)

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee. To file your appearance you need access to the internet and a credit card for payment. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

2. File your answer to the complaint before 9:00 am as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on page 3 of this form.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than three (3) days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

FILED DATE: 10/28/2018 5:11 PM   2018CH12411

**Summons**

(06/28/18) CCM 0649 B

This summons may not be served later than three (3) days before the day for appearance.

## THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

10/26/2018 5:11 PM DOROTHY BROWN

Witness: _____

DOROTHY BROWN, Clerk of the Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

Law Office of Michelle Broughton-Fountain

x Atty. No.: __41790__          ⃝ Pro Se 99500

Atty Name: **Michelle Broughton-Fountain**

Atty. for: **Petitioner**

Address: **19150 S. Kedzie, Suite 103B**

City: **Flossmoor**          State: **IL**

Zip: **60422**

Telephone: **(708) 647-8053 (Phone) (708) 647-8722 (Fax)**

Primary Email: **MB-Fountain@comcast.net**

FILED DATE: 10/26/2018 5:11 PM   2018G012211

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | | |
|---|---|---|
| **CITY OF MARKHAM** | ) | |
| **a Municipal Corporation** | ) | |
| | ) | |
| **Petitioner** | ) | FILED |
| | ) | 10/26/2018 5:11 PM |
| **And** | ) | DOROTHY BROWN |
| | ) **No:** | CIRCUIT CLERK |
| | ) | COOK COUNTY, IL |
| **MICHAEL A SKIRMONT, ARGENT** | ) | 20186012211 |
| **MORTGAGE COMPANY, LLC. ,** | ) | |
| **KILYANA HEATH,** UNKNOWN OWNERS, | ) | |
| UNKNOWN OCCUPANTS AND NON- | ) | |
| RECORD CLAIMANTS | ) | |
| | ) | |
| **Respondents** | ) | |

## PETITION TO DECLARE PROPERTY ABANDONED

NOW COMES, the Petitioner **CITY OF MARKHAM**, a Municipal Corporation, by and

through the LAW OFFICE OF MICHELLE BROUGHTON-FOUNTAIN, pursuant to the Illinois

Municipal Code 65 ILCS 5/11-31-1(d) to file its Petition to Declare Property Abandoned against the

Respondents **MICHAEL A SKIRMONT, ARGENT MORTGAGE COMPANY, LLC.,**

**KILYANA HEALTH,** UNKNOWN OWNERS, UNKNOWN OCCUPANTS AND NON-

RECORD CLAIMANTS in support thereof states as follows:

1. Pursuant to General Orders of the Circuit Court of Cook County Order number 2.3(b)(6), the

   Municipal Department in the Sixth District hears actions and proceedings filed by municipal

   corporations seeking certain relief including building and housing matters.

2. Pursuant to the Illinois Municipal Code 65 ILCS 5/11-31-1(d), a municipality may petition

   the Circuit Court to have property declared abandoned if:

   > (1) the property has been tax delinquent for 2 or more years or bills for water
   > service for the property have been outstanding for 2 or more years;
   > (2) the property is unoccupied by persons legally in possession; and,
   > (3) the property contains a dangerous or unsafe building for reasons specified
   > in the petition.

FILED DATE: 10/26/2018 5:11 PM   2018CO112211

3.   That within the corporate limits of the **CITY OF MARKHAM** is the below described parcel of real estate:

> LOTS 15 AND 16 (EXCEPT THE NORTHWEST 30.66 FEET THEREOF, AS MEASURED ALONG THE FRONT AND REAR LINES OF LOT 16) IN BLOCK 60 IN ELMORE KEDZIE AVENUE RIDGE, BEING A SUBDIVISION OF THE NORTHEAST ¼ OF SECTION 23, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH OF THE INDIAN BOUNDARY LINE, IN COOK COUNTY, ILLINOIS.
>
> PROPERTY INDEX NUMBER: **28-23-427-037-0000**
>
> COMMONLY KNOWN AS: **16625 Hillcrest Avenue, Markham, Illinois 60426**

4.   According to the Recorder of Deeds records **MICHAEL A SKIRMONT** is the owner of record of the real estate.

5.   The person in whose name the real estate was last assessed is **MICHAEL A SKIRMONT**.

6.   A person by the name of Kilyana Heath claims she has a Power of Attorney for the real estate.

7.   That there may be Unknown Owners and Non-Record Claimants who have an interest in aforesaid property.

8.   There may be Unknown Occupants who are not legally in possession of the property occupying the property.

9.   The subject property is not occupied by those legally in possession of it.

10.  The real estate property taxes for the subject property have been delinquent for two (2) or more years.

11.  Officials of the **City of Markham** have caused inspections to be made of the subject premises and have determined that the building is dangerous, unsafe and is a public hazard and nuisance.

12.  That the Defendants herein, contrary to and in violation of the Illinois Municipal Code

FILED DATE: 10/26/2018 5:11 PM 2018CO12211

Section 11-31-1 et. seq., and contrary to and in violation of many sections of the Municipal Code of the **City of Markham,** have permitted the building to remain in constant and continuous disrepair, causing said building to become a menace to public health, safety and public welfare.

13. That this proceeding is brought against the Respondents herein by the **City of Markham,** a Municipal Corporation, organized by virtue of and by authority of the Illinois Municipal Code.

WHEREFORE, Petitioner, the **City of Markham** prays as follows:

A. The Court to declare the property abandoned pursuant to the Illinois Municipal Code 65 ILCS 5/11-31-1(d);

B. The Court to issue the **City of Markham** a judicial deed pursuant to the Illinois Municipal Code 65 ILCS 5/11-31-1(d); and,

C. For such other and further relief as may be necessary in the premise and which the court shall deem necessary.

> **CITY OF MARKHAM**
> a Municipal Corporation
>
> Michelle Broughton-Fountain
> One of the City of Markham's Attorneys

Michelle Broughton-Fountain
Law Office of Michelle Broughton-Fountain
Attorney No. 41790
Attorney for Petitioner
19150 S. Kedzie, Suite 103B
Flossmoor, Illinois 60422
(708) 647-8053 Phone
(708) 647-8722 Fax
MB-Fountain@comcast.net

Law\City of Markham\Judicial Deed\16625 Hillcrest\Abandoned-Petition.doc

EXHIBIT G

Charles Dryer <cdryer2002@yahoo.com>

To Diva

Dec 26 at 12:14 PM

Sent from Yahoo Mail on Android

----- Forwarded Message -----
From: "Carolyn Murphy"
<cmurphy@cityofmarkham.net>
To: "cdryer2002@yahoo.com"
<cdryer2002@yahoo.com>
Cc:
Sent: Tue, Dec 4, 2018 at 5:36 PM
Subject: Freedom of Information Act Reply

Charles Dryer,

I am pleased to present you with your completed Freedom of
Information Act. The information you requested is attached to this
email, if you should have any questions or concerns please feel free
to reply to this email or give me a call at 708-331-4905 ext# 302.

*Respectfully,*

*Carolyn Murphy*
*Deputy City Clerk*
City of Markham
16313 S. Kedzie Pkwy
Markham, IL 60428
708-331-4905 X 302

**16313 KEDZIE PARKWAY**
(HONORABLE MAYOR EVANS R. MILLER PARKWAY)
**MARKHAM, ILLINOIS 60428**

Roger Agpawa, *Mayor*          JENNIFER COLES, *City Clerk*          BELINDA RICHARDSON, *City Treasurer*

November 28, 2018

To: Whom It May Concern

From: Housing & Building Department

Re: 16625 Hillcrest,

To Whom It May Concern,

The following are liens or tickets owed to the Building Services and Housing Department
for 16625 Hillcrest, Markham, IL. 60428:

| | | | |
|---|---|---|---|
| 08/15/2018 | #C13911 | Unclean Premises | $200.00 |
| 10/23/2018 | #C14087 | Derelict Vehicles | $500.00 |
| 10/23/2018 | #C14088 | Unclean Premises | $500.00 |

Total:     $1200.00

If you have any questions, feel free to contact our office at (708) 331-4905 x319.

Phone: 708-331-4905                Fax: 708-331-8667                Police: 708-331-2171

# Financial Activity

**Account Number:** 0602015000-00

**Service Name:**

**Service Address:** 16625 HILLCREST

| Date | Activity | | Code/Description | | Usage | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 11/06/2018 | BILLING | | FINAL BILL WITH DEPOSIT R | | 1000 | 53.60+ | 1,271.84+ |
| 08/03/2017 | ADJUSTMENT | ADF | ADMINISTRATIVE FEE | | | 150.00+ | 1,218.24+ |
| 08/03/2017 | ADJUSTMENT | GCF | GRASS CUTTING FEES | | | 100.00+ | 1,068.24+ |
| 06/22/2017 | ADJUSTMENT | ADF | ADMINISTRATIVE FEE | | | 150.00+ | 968.24+ |
| 06/22/2017 | ADJUSTMENT | GCF | GRASS CUTTING FEES | | | 250.00+ | 818.24+ |
| 10/20/2016 | BILLING | | FINAL BILL WITH DEPOSIT R | | | 15.00- | 568.24+ |
| 10/13/2016 | ADJUSTMENT | ADJ | ADJUSTMENT | | | 289.46- | 583.24+ |
| 09/21/2016 | BILLING | | | | | 69.14+ | 872.70+ |
| 09/09/2016 | PENALTY | | ADDED TO 08/22/16 | BILL | | 4.30+ | 803.56+ |
| 08/22/2016 | BILLING | | | | | 69.14+ | 799.26+ |
| 08/12/2016 | PENALTY | | ADDED TO 07/21/16 | BILL | | 4.30+ | 730.12+ |
| 07/21/2016 | BILLING | | | | | 69.14+ | 725.82+ |
| 07/12/2016 | PENALTY | | ADDED TO 06/22/16 | BILL | | 4.30+ | 656.68+ |
| 06/22/2016 | BILLING | | | | | 69.14+ | 652.38+ |
| 06/10/2016 | PENALTY | | ADDED TO 05/23/16 | BILL | | 4.30+ | 583.24+ |
| 05/23/2016 | BILLING | | | | 1000 | 69.14+ | 578.94+ |
| 05/11/2016 | PENALTY | | ADDED TO 04/18/16 | BILL | | 4.30+ | 509.80+ |
| 04/18/2016 | BILLING | | | | | 69.14+ | 505.50+ |
| 04/11/2016 | PAYMENT | CK | CHECK | | | 80.00- | 436.36+ |
| 04/11/2016 | PENALTY | | ADDED TO 03/21/16 | BILL | | 4.30+ | 516.36+ |
| 03/21/2016 | BILLING | | | | | 69.14+ | 512.06+ |
| 03/17/2016 | PENALTY | | ADDED TO 02/24/16 | BILL | | 4.30+ | 442.92+ |
| 02/24/2016 | BILLING | | | | 1000 | 69.14+ | 438.62+ |
| 02/16/2016 | ADJUSTMENT | OBA | OVER BILL ADJUSTMENT | | | 33.74- | 369.48+ |
| 02/15/2016 | PENALTY | | ADDED TO 01/19/16 | BILL | | 7.68+ | 403.22+ |
| 01/22/2016 | PAYMENT | CK | CHECK | | | 80.00- | 395.54+ |
| 01/19/2016 | BILLING | | | | 7136 | 102.88+ | 475.54+ |
| 01/12/2016 | PENALTY | | ADDED TO 12/21/15 | BILL | | 4.30+ | 372.66+ |
| 12/21/2015 | BILLING | | | | | 69.14+ | 368.36+ |
| 12/11/2015 | PENALTY | | ADDED TO 11/19/15 | BILL | | 4.30+ | 299.22+ |
| 12/09/2015 | PAYMENT | CK | CHECK | | | 75.00- | 294.92+ |
| 11/19/2015 | BILLING | | | | | 69.14+ | 369.92+ |
| 11/11/2015 | PENALTY | | ADDED TO 10/19/15 | BILL | | 4.30+ | 300.78+ |
| 10/23/2015 | PAYMENT | CK | CHECK | | | 80.00- | 296.48+ |
| 10/19/2015 | BILLING | | | | 1000 | 69.14+ | 376.48+ |
| 10/13/2015 | PENALTY | | ADDED TO 09/18/15 | BILL | | 4.30+ | 307.34+ |
| 09/18/2015 | BILLING | | | | | 69.14+ | 303.04+ |
| 09/16/2015 | PENALTY | | ADDED TO 08/25/15 | BILL | | 4.30+ | 233.90+ |
| 08/25/2015 | BILLING | | | | | 69.14+ | 229.60+ |
| 08/18/2015 | PAYMENT | CK | CHECK | | | 250.00- | 160.46+ |
| 08/17/2015 | PENALTY | | ADDED TO 07/24/15 | BILL | | 4.30+ | 410.46+ |
| 07/24/2015 | BILLING | | | | 1000 | 69.14+ | 406.16+ |
| 07/13/2015 | PENALTY | | ADDED TO 06/24/15 | BILL | | 4.30+ | 337.02+ |
| 06/24/2015 | BILLING | | | | 2000 | 69.14+ | 332.72+ |
| 06/19/2015 | PENALTY | | ADDED TO 05/29/15 | BILL | | 4.30+ | 263.58+ |
| 06/02/2015 | PAYMENT | CK | CHECK | | | 68.00- | 259.28+ |
| 05/29/2015 | BILLING | | | | 1000 | 69.14+ | 327.28+ |
| 05/21/2015 | PENALTY | | ADDED TO 04/30/15 | BILL | | 3.68+ | 258.14+ |
| 04/30/2015 | BILLING | | | | 1000 | 61.76+ | 254.46+ |
| 04/23/2015 | PENALTY | | ADDED TO 04/01/15 | BILL | | 8.47+ | 192.70+ |
| 04/07/2015 | PAYMENT | CK | CHECK | | | 69.13- | 184.23+ |
| 04/01/2015 | PENALTY | | ADDED TO 03/05/15 | BILL | | 4.30+ | 253.36+ |
| 04/01/2015 | BILLING | | | | 7872 | 110.80+ | 249.06+ |
| 03/05/2015 | BILLING | | | | | 69.14+ | 138.26+ |
| 03/02/2015 | PENALTY | | ADDED TO 02/02/15 | BILL | | 3.68+ | 69.12+ |
| 02/02/2015 | PAYMENT | CK | CHECK | | | 61.76- | 65.44+ |
| 02/02/2015 | BILLING | | | | 1000 | 61.76+ | 127.20+ |
| 01/30/2015 | PENALTY | | ADDED TO 01/05/15 | BILL | | 3.68+ | 65.44+ |
| 01/05/2015 | BILLING | | | | | 61.76+ | 61.76+ |
| 12/11/2014 | PAYMENT | CK | CHECK | | | 61.76- | .00+ |
| 11/24/2014 | BILLING | | | | 1000 | 61.76+ | 61.76+ |
| 11/18/2014 | PAYMENT | CK | CHECK | | | 61.76- | .00+ |
| 10/25/2014 | BILLING | | | | 1000 | 61.76+ | 61.76+ |

EXHIBIT H

VIOLATION NOTICE

**CITY OF MARKHAM, ILLINOIS, COUNTY OF COOK**

NO: B

[ ] Building  [ ] Health  [ ] Fire  [ ] Misc. Code

Owner Name: Last _____ First _____ Telephone No ( )

First Notice

Owner Address _____ City _____ State _____ Zip Code _____

Violation Date/Time

13-0-2066 Sec 1B

**COMPLAINT**

Ordinance Violation No. _____ Ordinance Violation Description: Sec Three el - City Service

Address: 11625 Hillcrest  City: Markham  State: IL  Zip Code: _____

Name of Witness (es) _____ Sales

Signature of Department Representative _____ Date 11/20/18

at 16313 Kedzie Pky, Markham, IL 60426

For Court Use Only

Notice: The fines and penalties which shall be imposed for the violation of codes shall be not less than $25.00 or more than $5000.00 for each offense and a separate offense shall be deemed committed on each day during which a violation occurs or continues.

To avoid this court action, pay the fine of $ 505.00 by 12/1/18

Comments: ____ was turned on illegaly.

---

VIOLATION NOTICE

**CITY OF MARKHAM, ILLINOIS, COUNTY OF COOK**

NO: B 14624

[ ] Building  [ ] Health  [ ] Fire  [ ] Misc. Code

Owner Name: Last _____ First _____ Telephone No ( )

First Notice

Owner Address _____ City: Markham  State: IL  Zip Code: 60428

Violation Date/Time

13-0-2066 Sec 1B _____ No water service

**COMPLAINT**

Ordinance Violation No. _____ Ordinance Violation Description

Address: 11625 Hillcrest  City: Markham  State: IL  Zip Code: 60428

Name of Witness (es) _____ Sales

Signature of Department Representative _____ Date 11/20/18

Court Date is

at 16313 Kedzie Pky, Markham, IL 60426

For Court Use Only

Notice: The fines and penalties which shall be imposed for the violation of codes shall be not less than $25.00 or more than $5000.00 for each offense and a separate offense shall be deemed committed on each day during which a violation occurs or continues.

To avoid this court action, pay the fine of $ 500.00 by 12/1/18

Comments: ____ property has no water service.

EXHIBIT I

Certified Mail # 7018 0360 0001 3872 4912

December 17, 2018

Mayor Roger Agpawa
16313 Kedzie Pkwy,
Markham Il 60428

Andrea Billups Dryer
4136 Lakeview Drive
Country Club Hills Il 60478

RE: Continued Harassment

Dear Mayor Apgawa,

I am writing because on 2 separate occasions you informed me that you would take care of the damage and harassment at property 16625 Hillcrest Markham Il but I have not heard from you since I met with you in your office on October 24, 2018 to voice my complaints about the City damaging the property. I informed you that they broke the windows tore the Roth iron door off of the rear of the house, tore the lock and knob off the front storm door and they are continuously writing tickets. The one ticket was for a car where the plate was displayed in the window and not on the car, that was corrected that day. There were tickets for high grass in the rear, even though the City was placing fines on the property claiming it to be cut. We hired a lawn maintenance man to cut the grass that day. There was a ticket for trash, even though the City left their trash being used boards that they removed from the windows doors and garage and just left around the house. I have pictures to reflect that as well. The trash was all cleaned out prior to the December 13, 2018 court date, I have pictures to reflect. I was in your office again on Thursday December 13, 2018 and I requested your assistant to have you contact me. Since I have still not heard from you I am writing so that I can be sure that you are getting my communication.

As I previously informed you during our first meeting there has been continued harassment from the City of Markham at property 16625 Hillcrest Markham Il 60428, and as of the date I met with you there have been numerous tickets issued on the property, and the police continuously come to the property stating someone said squatters are there to spite the fact that I took the Power of Attorney to the Police Department.

We appeared in housing court on Thursday December 13, 2018, I sat there for 4 hours, was the last case to be called and was not allowed to present my pictures for ALL of the violations have been corrected. I was informed that there was a conflict of interest and I would not be able to defend the tickets on that day and would be required to come back on either a day in January or February. The tickets were for that court date and being that there was going to be a conflict of interest there should have been a different date issued on the tickets. On that date I was made aware that there are approx. 9 tickets issued in the short period of time that you were made aware of power of attorney over the property.

that same date the city workers were out there with a bulldozer they claimed that they were sent out to dig up the water because someone tampered with the water, however after speaking with the workers explaining to them that the toilet was continuously filling up so the water must not have been fully turned off, they confirmed what I said after digging up the B-Box. They tore up the bushes in the front of the house and the grass. The workers confirmed

When I met with the Director of Building and inspectional services, Mr William Lawrence on October 24, 2018, I informed him that we are just trying to fix the things necessary to be able to get an inspection. I informed him that due to the damage to the property and continued harassment that this is becoming a legal issue, a heated argument ensued, and he basically told me to do what I have to do. As I stated to you and others, I do not want a legal issue, we only want to obtain an inspection and stop being harassed.

I have contacted the City Attorney, Steven Miller at 708-799-5454 on multiple occasions regarding the harassment and damage to the property as well. We spoke to him the same day the boards were removed to report the damage and I personally called his office on December 13, 2018 and left a lengthy complaint with his assistant. I was told that she would call me back but have not.

While in court we were made aware that there is some sort of pending action against the property, even though we have not received any notice other than the tickets that were corrected and when inquiring about what the pending action was, we could not get any answers.

I went to the Building Department to register the property I was informed that all fines would need to be paid first, and I was denied my attempt to register the property, I requested the ordinance stating that fact ad was told there is no information that they could give me and I would need to FOIA that information . When I requested copies of the tickets, because we were not made aware of 9 tickets, I was directed to FOIA them. We requested the morning report on the dig up, the lady had printed it out to give it to us but changed her mind. The City worker stated that they did the dig up to to install a stop valve. When they dug it up they discovered the reason the water was unable to be completely turned off was because of the stop valve problem. As I have been stating to everyone, we are only trying to get inspections on the property and would appreciate if the harassment will stop.

I know you have said you will take care of this issue and it still exists, please inform me of your intentions regarding this ongoing matter, you can call me at 708-953-7999 or certified mail to 4136 Lakeview Drive CC Hills Il 60478. Thank you.

Sincerely,

Andrea Billups Dryer

Cc: Attorney Steven Miller cert# 7018 0360 0001 3872 4929
   Director of Housing William Lawrence cert# 70180360 0001 3872 4936

EXHIBIT J

   LTE⁺ 42% 7:30 PM

## Online Form Submittal: Request for Public Records/F.O.I.A.

December 19, 2018 6:17 PM

**noreply@civicplus.com**  DETAILS

Request for Public Records/F.O.I.A.

| | |
|---|---|
| First Name | Kiiyana |
| Last Name | Heath |
| Address 1 | 4136 Lakeview Drive |
| Address 2 | Field not completed |
| City | COUNTRY CLUB HILLS |
| State | Illinois |
| Zip | 60478 |
| Phone Number | 7089537999 |
| Email Address | kiiyanah@yahoo.com |
| Is this a commercial request? | No |
| Records | Any and all police reports, or police records, complaints, police tickets relating to 16625 Hillcrest Drive Markham for the period of January 2015 December 19, 2015. |
| Department | Police |
| Signature of person making the request | Kiiyana Heath |
| Do you agree? | I Agree |

↩ Reply  →  Forward  🗑 Delete  ≡

Sent from Yahoo Mail on Android

--- Forwarded Message ---
From: "noreply@civicplus.com" <noreply@civicplus.com>
To: "andreabillups4136@yahoo.com" <andreabillups4136@yahoo.com>
Sent: Wed, Dec 19, 2018 at 6:37 PM
Subject: Online Form Submittal: Request for Public Records/F.O.I.A.

## Request for Public Records/F.O.I.A.

| | |
|---|---|
| First Name | Andrea |
| Last Name | Billups-Dryer |
| Address 1 | 4136 LAKEVIEW DRIVE |
| Address 2 | *Field not completed.* |
| City | COUNTRY CLUB HILLS |
| State | Illinois |
| Zip | 60478 |
| Phone Number | 7089537999 |
| Email Address | Andreabillups4136@yahoo.com |
| Is this a commercial request? | No |
| Records | Please provide the meter readings for 16625 Hillcrest Drive Markham Il from July 1, 2014 through December 19, 2018, and provide the Report concerning the December 13, 2018 B-Box dig at 16625 Hillcrest Drive Markham. |
| Department | Public Works |
| Signature of person making the request | Andrea Billups-Dryer |
| Do you agree? | I Agree |

EXHIBIT K

EXHIBIT L

**noreply@civicplus.com**
To revme@yahoo.com

## Request for Public Records/F.O.I.A.

| | |
|---|---|
| First Name | Ralpheal |
| Last Name | Valentine |
| Address 1 | 4136 Lakeview Drive |
| Address 2 | *Field not completed.* |
| City | Country Club Hills |
| State | Il |
| Zip | 60478 |
| Phone Number | 708-307-5508 |
| Email Address | REVME@YAHOO.COM |
| Is this a commercial request? | No |
| Records | Please provide any and all fees and fines associated with the property located at 16625 Hillcrest Drive Markham Il 60428. Also provide the breakdown of all fees and fines needing to be paid in order to obtain an occupancy inspection and restore water services at the same address. |
| Department | Clerk |
| Signature of person making the request | Ralpheal Valentine |
| Do you agree? | I Agree |

One click away from
your upgraded Inbox

EXHIBIT M

Certified Mail# 7018 0360 0001 3872 4899

Attorney Michelle Broughton-Fountain
19150 Kedzie #103B
Homewood Il 60430

Andrea Billups-Dryer
4136 Lakeview Drive
Country Club Hills Il 60478

Re: Housing court                                          January 4, 2019

Dear Michelle Broughton-Fountain

Hello, I am writing because you called my 2 tickets in housing court on December 13, 2018 in Markham housing court and you continued my case until February 14, 2019. You told me to get the fines for all the tickets and I have been attempting to get the amount of the tickets and fees and fines on the property at 16625 Hillcrest Drive Markham Il 60428 since that date. I appreciate you having the workers get me the ticket numbers, however with the amounts and the reason for the tickets I cannot pay them.

I would like you to know that the property is not abandoned and as soon as I can get the fee amounts I can clear them up.

I am attempting to comply with the fines so that we can obtain an inspection and restore water services. Thank you for your assistance.

Sincerely,

Andrea Billups-Dryer

EXHIBIT N



# CITY OF MARKHAM POLICE DEPARTMENT

16313 Kedzie Parkway, Markham, Illinois 60428
Phone: 708-331-2171 Fax: 708-331-2176
www.CityofMarkham.net

January 8, 2019

VIA ELECTRONIC MAIL

Kiiyana Heath
4136 Lakeview Drive
Country Club Hills, IL 60478
kiiyana@yahoo.com

Re: *FOIA Request*

Dear Ms. Heath:

Your correspondence sent pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., was received by the City of Markham and the time to respond was extended.

In same, you requested the following public records:

> "Any and all police reports, or police records, complaints, police tickets relating to 16625 Hillcrest Drive Markham for the period of January 2015-December 19, 2018."

Your request is granted in part and denied in part. See Bates # FOIA 01-08. Exempt information contained in the report has been redacted pursuant to 5 ILCS 140/7(1)(d)(iv).

You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to:

> Public Access Counselor
> Office of the Attorney General
> 500 South 2nd Street Springfield, Illinois 62706
> Fax: 217-782-1396
> E-mail: publicaccess@atg.state.il.us

You also have the right to seek judicial review of a denial by filing a lawsuit in the State circuit court. 5 ILCS 140/11.

If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this denial letter when filing a Request for Review with the PAC

Sincerely,

Eric S. Blohm – FOIA Officer
eblohm@cityofmarkham.net
708-331-2171 ext 299

Markham Police Dept   Markham, IL 60428   CALLS FOR SERVICE

Calls For Service Records Found: 5

| CDC # | Date | Time | Dispatcher | Officer | Street # | Street Name | CD Call Type | UCR | Place | Response | Name |
|---|---|---|---|---|---|---|---|---|---|---|---|
| P18-11691 | 06-10-2018 | 1105 | 0 | 576 | 16625 | HILLCREST | INFORMATION REPORT | | | | HOUSING, BUILDING AND |
| P18-11568 | 09-07-2018 | 1354 | | 524 | 16625 | HILLCREST | INFORMATION REPORT | | | | |
| P18-11537 | 09-06-2018 | 1759 | | 572 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 590 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 584 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 426 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 572 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 590 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 426 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 590 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 584 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 426 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 572 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 590 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 584 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 426 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 572 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 584 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| P18-01521 | 02-07-2018 | 2014 | | 594 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 584 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| P17-09571 | 06-27-2017 | 1438 | | 560 | 16625 | HILLCREST | PREMISE CHECK | | | | |
| | | | | 558 | 16625 | HILLCREST | PREMISE CHECK | | | | |

**IL CFS SUMMARY**  PAGE 1 OF 1  **Markham Police Dept**

| | | | | |
|---|---|---|---|---|
| CDC# P18-11537 | | RECEIVED DATE / TIME 09-06-2018 17:59 | CD Call Type | PREMISE CHECK |

**DESCRIPTIVES**

| | |
|---|---|
| UCR Code | Primary Officer 590 - CRAWFORD, S |
| Place | Beat |
| Officer Response | Sub Beat |
| Reviewed By | Shift | Source W - WIRELESS |
| UCR 2 | Status 22 - SUBJECT REMOVED |

**LOCATION**

| |
|---|
| Name |
| Address 16626 Hillcrest, , Il |
| Location |

**CALLER**

| NAME | | CALL BACK | PHONE |
|---|---|---|---|
| ADDRESS | | | |

**OFFICER COMMENTS**

**CALL DESCRIPTION**

CALL TAKEN BY: 0

DISPATCHED BY: 0

09/06/2018 18:03:17 - N - SANDERSON - CP STATES POSSIBLY SQUADDERS IN HOME. CP STATES THEY REMOVED

ITEMS AND PUT THEM ON THE CURB

09/06/2018 18:08:52 - N - SANDERSON - 388: REQUESTING ANOTHER UNIT OUT WITH 3

09/06/2018 18:21:06 - M - SANDERSON - NAME Redacted

09/06/2018 18:21:31 - M - SANDERSON - DLN (R42011066019)

09/06/2018 18:22:59 - M - SANDERSON - DLN (H62017286356)

09/06/2018 18:36:25 - N - SANDERSON - 388: PER BUILDING DEPARTMENT NO OCCUPANCY AT RESIDENCE. WILL

HAVE TO COME IN TO PROVIDE PROOF

**DISPATCHED UNITS**

| AGENCY | UNIT | OFFICER | DISP. | ENROUTE | ARRIVE | CLEAR | TOTAL MINS |
|---|---|---|---|---|---|---|---|
| MPD | 590 | CRAWFORD, S | 18:02 | 18:02 | 18:04 | 18:35 | 33 |
| MPD | 584 | WRIGHT, C | 18:02 | 18:02 | 18:05 | 18:35 | 33 |
| MPD | 426 | WALKER, D | 18:06 | | 18:06 | 18:35 | 29 |
| MPD | 572 | SINGLETON, DERRICK | 18:08 | 18:08 | 18:11 | 18:35 | 27 |
| | | | | | | | |

# IL CFS SUMMARY

PAGE 1 OF 1 **Markham Police Dept**

| CDO# | | RECEIVED DATE / TIME | | | CO Call Type | |
|---|---|---|---|---|---|---|
| P18-11691 | | 09-10-2018 | 11:05 | | INFORMATION REPORT | |

<table>
<tr><td rowspan="6">DESCRIPTIVES</td><td>UCR Code</td><td colspan="2">Primary Officer<br>576 - BROOKS, B</td></tr>
<tr><td>Place</td><td colspan="2">Beat</td></tr>
<tr><td>Officer Response</td><td colspan="2">Sub Beat</td></tr>
<tr><td>Reviewed By</td><td>Shift</td><td>Source<br>R - RADIO</td></tr>
<tr><td>UCR 2</td><td></td><td>Status<br>20 - REPORT TAKEN</td></tr>
</table>

| | LOCATION | | | | |
|---|---|---|---|---|---|
| Name | | | | | |
| Address | 16625 HILLCREST, , IL | | | | |
| Location | | | | | Phone |

| | CALLER | | | | |
|---|---|---|---|---|---|
| Name | | | Call Back | | Phone |
| Address | | | | | |

**OFFICER COMMENTS**

**CALL DESCRIPTION**

CALL TAKEN BY: 0

DISPATCHED BY: 0

09/10/2018 11:06:05 - N - CSOUTH - C/P STATED SHE HAS DOCUMENTATION IN REF TO HER BEING THE POWER OF

ATTORNEY OVER THE PROPERTY.

| | AGENCY | UNIT | OFFICER | DISP. | ENROUTE | ARRIVE | CLEAR | TOTAL MINS |
|---|---|---|---|---|---|---|---|---|
| DISPATCHED UNITS | MPD | 576 | BROOKS, B | 11:05 | | 11:05 | 11:07 | 2 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

FOIA 008

EXHIBIT O

# CITY OF MARKHAM

**16313 KEDZIE PARKWAY**
*(Honorable Mayor Evans R. Miller Parkway)*
**MARKHAM, ILLINOIS 60428**

**ROGER A. AGPAWA, Mayor**          **JENNIFER COLES, City Clerk**          **BELINDA RICHARDSON, City Treasurer**

January 8, 2019

**VIA ELECTRONIC MAIL**
Andrea Billups-Dryer
4136 Lakeview Drive
Country Club Hills, IL 60478
Andreabillups4136@yahoo.com

Re: *FOIA Request*

Dear Ms. Billups-Dryer:

Your correspondence sent pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., was received by the City of Markham and the time to respond was extended by the City.

In same, you requested the following public records:

> "Meter readings for 16625 Hillcrest Drive Markham II from July 1, 2014 through December 19, 2018, and provide the Report concerning the December 13, 2018 B-Box dig at 16625 Hillcrest Drive Markham."

Your request is granted in part and denied in part. See enclosed Bates #'s FOIA 001-059 which have been redacted in accordance with the following FOIA exemptions:

1) 5 ILCS 140/7 (1) (a). Private information, such as unique identifiers.
2) 5 ILCS 140/7 (1) (k). Architects' plans, engineers' technical submissions, and other construction related technical documents for projects not constructed or developed in whole or in part with public funds and the same for projects constructed or developed with public funds, including but not limited to power generating and distribution stations and other transmission and distribution facilities, water treatment facilities, airport facilities, sport stadiums, convention centers, and all government owned, operated, or occupied buildings, but only to the extent that disclosure would compromise security.
3) 5 ILCS 140/7 (1) (x). Maps and other records regarding the location or security of generation, transmission, distribution, storage, gathering, treatment, or switching facilities owned by a utility, by a power generator, or by the Illinois Power Agency.

You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street Springfield, Illinois 62706
Fax: 217-782-1396
E-mail: publicaccess@atg.state.il.us

You also have the right to seek judicial review of a denial by filing a lawsuit in the State circuit court. 5 ILCS 140/11.

If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this denial letter when filing a Request for Review with the PAC.

Sincerely,

Latrice Merriweather-Pickett
FOIA Officer
City of Markham

ENCLSOURE

# EXHIBIT P

# CITY OF MARKHAM

**16313 KEDZIE PARKWAY**
*(Honorable Mayor Evans R. Miller Parkway)*
**MARKHAM, ILLINOIS 60428**

**ROGER A. AGPAWA, Mayor**          **JENNIFER COLES,** *City Clerk*          **BELINDA RICHARDSON,** *City Treasurer*

January 16, 2019

**Via Electronic Mail**

Andrea Billups Dryer
4136 Lakeview Dr.
Country Club Hills, IL 60478
*andreabillups4136@yahoo.com*

Re: *FOIA Request*

Dear Requester:

Your correspondence dated January 9, 2019 sent pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., was received by the City of Markham on January 9, 2019.

In same, you requested the following:

"Any and all complete inspection reports or permits granted for the property located 16625 Hillcrest Drive, Markham, Illinois 60428 for the period of January 1, 2000 through January 9, 2019."

Your request is granted in part and denied in part. See enclosed documents marked as Bates Billups Dryer FOIA 001-003. Private information contained in these documents has been redacted in accordance with 5 ILCS 140/7(1)(b).

You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street Springfield, Illinois 62706
Fax: 217-782-1396
E-mail: publicaccess@atg.state.il.us

You also have the right to seek judicial review of a denial by filing a lawsuit in the State circuit court. 5 ILCS 140/11.

If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this denial letter when filing a Request for Review with the PAC.

Sincerely,

Latrice Merriweather-Pickett
FOIA Officer
City of Markham

**ENCLOSURE**

EXHIBIT Q

# CITY OF MARKHAM

**16313 KEDZIE PARKWAY**
*(Honorable Mayor Evans R. Miller Parkway)*
**MARKHAM, ILLINOIS 60428**

ROGER A. AGPAWA, Mayor          JENNIFER COLES, *City Clerk*          BELINDA RICHARDSON, *City Treasurer*

January 16, 2019

**Via Electronic Mail**

Ralpheal Valentine
4136 Lakeview Drive
Country Club Hills, IL 60478
*revme@yahoo.com*

Re: *FOIA Request*

Dear Requester:

Your correspondence dated January 9, 2019, sent pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., was received by the City of Markham on January 9, 2019.

In same, you requested the following public records:

"Please provide any and all dates that the property at 16625 Hillcrest, Markham, IL was boarded up and boards removed along with the name and number for the board up company, and the name of who authorized the board up and removal along with who ordered the board up and removal for the period of January 1 2010 thru January 9 2019."

Your request is denied. FOIA pertains to requests for records. FOIA does not compel a government agency to provide answers to questions posed by the inquirer. *Chicago Tribune Co. v. Department of Financial and Professional Regulation*, 2014 IL App (4th)130427 ¶ 34. Your request does not identify a record being sought, it asks for answers to your qeustions and is properly denied.

You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street Springfield, Illinois 62706
Fax: 217-782-1396
E-mail: publicaccess@atg.state.il.us

You also have the right to seek judicial review of a denial by filing a lawsuit in the State circuit court. 5 ILCS 140/11.

If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this denial letter when filing a Request for Review with the PAC.

Sincerely,

Latrice Merriweather-Pickett
FOIA Officer
City of Markham

EXHIBIT R

**LaTrice Merriweather** <lmerriweather@cityofmarkham.net>                    Jan 22 at 5:45 PM

To  diva

Good Evening Mr. Valentine:

I resent the response to the FOIA request below.

Respectfully,

Latrice M. Pickett

**From:** diva [mailto:revme@yahoo.com]
**Sent:** Sunday, January 20, 2019 7:58 PM
**To:** LaTrice Merriweather <lmerriweather@cityofmarkham.net>
**Subject:** Re: FOIA Request

Hello LaTrice Merriweather,                    1/20/19

I submitted a FOIA request January 4, 2019 for any and all fees and fines associated with the property located at 16625 Hillcrest Drive Markham Il 60428. Also provide the breakdown of all fees and fines needing to be paid in order to obtain an occupancy inspection and restore water services at the same address. I was informed by Andrea Dryer that the request was denied except for the $1200 water bill.  I have not received a response, Please send me the response.

Ralpheal Valentine

---

**From:** LaTrice Merriweather <lmerriweather@cityofmarkham.net>
**To:** "revme@yahoo.com" <revme@yahoo.com>
**Sent:** Wednesday, January 16, 2019 4:50 PM
**Subject:** FOIA Request

Good Afternoon Ms. Valentine:

I have attached a response to the FOIA Response you submitted.

Respectfully,

**Latrice Merriweather-Pickett, MBA & MHRM**
**City of Markham**
**Director of Human Resources**
**16313 Kedzie Pkway**
**Markham, IL  60428**
**Phone:  708.331.4905 ext 332**
**Fax:  708.210.9404**

EXHIBIT S



# CITY OF MARKHAM POLICE DEPARTMENT

16313 Kedzie Parkway, Markham, Illinois 60428
Phone: 708-331-2171 Fax: 708-331-2176
www.CityofMarkham.net

January 30, 2019

<u>Via Electronic Mail</u>

Andrea Billups Dryer
4136 Lakeview Dr.
Country Club Hills, IL  60478
*Ddiivvaa2002@yahoo.com*

Re:  *FOIA Request*

Dear Requester:

Your correspondence dated January 22, 2019 sent pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., was received by the City of Markham on January 23, 2019. In same, you requested the following public records:

> "Please provide any and all 911 calls which caused officers to be dispatched to 16625 Hillcrest Drive, Markham, IL 60428 on Sept. 6, 2018 along with all officer dash cams and body cams from all officers on call at the location of 16625 Hillcrest Drive, Markham Illinois 60428 between 3pm and 7pm on September, 6, 2018."

Under the Freedom of Information Act, a public body may extend the time to respond to a FOIA request by up to 5 business days for a limited number of reasons. 5 ILCS 140/3(e). We are extending the time to respond to your request by 5 business days for the following reason(s):

☒ We store the requested records in whole or in part at another location(s).

☐ Responding to the request requires that we collect a substantial number of specified records.

☐ The request is couched in categorical terms and requires that we conduct an extensive search for the records responsive to it.

☒ In order to determine whether the requested records are exempt under Section 7 of FOIA or must be redacted in part before they are disclosed. we must have the documents reviewed by legal counsel.

☒ We cannot comply with the request for records within the 5 business day time limit without unduly burdening or interfering with our operations.

☐ Before we can determine whether to provide the documents in response to your FOIA request, we must consult with [insert name of other public body] which has a substantial interest in the determination of how to respond to this request because [insert reason that other public body is involved].

FOIA 19-0122003

☐ Before we can determine whether to provide the documents in response to your FOIA request, we must consult with [identify two or more components of the public body] to determine how to respond to this request because [insert reason that various components of the public body must consult on this request].

We will respond to your request on or before ten business days from the date your request was received.

Sincerely,

Eric S. Blohm - FOIA Officer
eblohm@cityofmarkham.net
708-331-4905 ext 299

FOIA 19-0122003

EXHIBIT T

# AFFIDAVIT OF RALPHEAL VALENTINE

I, Ralpheal Valentine., a citizen of the United States and the State of Illinois over the age of 21 years, and being first duly sworn on oath, deposes and says that the facts stated therein are true and correct to the best of my knowledge and believes Under penalties as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true735 ILCS 5/1-109, them to be true and admissible as evidence in court of law, and stated herein:

1. I Ralpheal Valentine observed the City of Markham official write a ticket on my vehicle for no license plate being properly displayed, while my car was parked in the driveway at 16625 Hillcrest Markham Il 60428. I Placed the plate on the rear of the car as the officer requested the city employee issued the ticket anyway and gave another citation for the garbage can being on the front curb on garbage day. These tickets were addressed in house.
2. I received 2 tickets stuck in the door at 16625 Hillcrest Dr Markham Il 60428 from the City of Markham, one was for theft of services and the other was for No water service.
3. A City worker told me the people in the office said someone tampered with the water
4. I am not aware of anyone stealing or tampering with water at the house.

Further affiant saith not.

_Ralpheal Valentine_ _____     _2/5/19_
Ralpheal Valentine                                              Date
Affiant

_Ralpheal Valentine._ Subscribed to and sworn before me on this ___5th___ day of

_February_ _____ 2019.

_Paquita Doyle_ _____

Notary Public State of Illinois

PAQUITA DOYLE
Notary Public- Seal
State of Indiana
My Commission Expires May 28, 2020