IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kiiyana Heath, et al., | ) |
| *Plaintiffs,* | ) No. 19 C 00040 |
| v. | ) Judge Virginia M. Kendall |
| City of Markham, et al., | ) |
| *Defendants.* | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs' complaint stems from a local real estate dispute and the City of Markham's attempt to declare a piece of property abandoned. Within their 29 page, 151 paragraph Second Amended Complaint, Plaintiffs' allege violations of the Fourth, Fifth, and Fourteenth Amendments, alongside causes of action for Intentional Infliction of Emotion Distress, criminal damage to property, and one count of violating the Freedom of Information Act. (Dkt. 74). Plaintiffs' filed this wide-ranging civil rights complaint against an even more widespread collection of Defendants. Plaintiffs name as Defendants, the City of Markham, the Markham Police Department, Roger Agpawa as the mayor of Markham and Fire Chief of the City of Country Club Hills, William Lawrence as the City of Markham Public Works Director, Steven Miller as Attorney for the City of Markham, Michelle Broughton Fountain as Attorney for the City of Markham, Demarus Rogers as a Code Enforcement Officer for the City of Markham, Cook County Boardup, Inc., Cadillac-

ASAP Process Service & Investigations LLC, and 100 "Does." *Id.* Defendants filed three separate Motions to Dismiss, each moving for dismissal on a variety of grounds. (Dkts. 80, 82, 82). However, the Court need not reach the substantive merits of the Motions as jurisdiction is not proper here. The *Younger* doctrine mandates abstention and therefore Plaintiffs' Second Amended Complaint ("SAC")[1] is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

All well-pleaded allegations in Plaintiffs' SAC are taken as true for purposes of these Motions to Dismiss. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

In September of 2018, Plaintiffs Billup-Dryer and Heath provided Defendants William Lawrence and Steven Miller with a Power of Attorney executed by Plaintiff Skirmont to Plaintiff Heath for the property located at 16625 Hillcrest Drive in Markham, Illinois ("Hillcrest property"). (Dkt. 74, pg. 10)[2]. On September 14, 2018, Miller received a phone call from Heath's attorney who informed Miller that the property had been boarded up and requested that the City remove the boards. (*Id.*

---

[1] Plaintiffs filed their original complaint with this Court on January 3, 2019. (Dkt. 1). The Plaintiff's then filed an amended complaint on February 6, 2019. (Dkt. 11). Defendants filed motions to dismiss and this Court set a briefing schedule. (Dkt. 39). Instead of responding to the motions to dismiss, Plaintiffs sought, and were granted, leave to file a second amended complaint. (Dkt. 45). Plaintiffs filed their second amended complaint on May 17, 2019, but the second amended complaint lacked the signature of Skirmont. (Dkt. 50). After three of the four Plaintiffs failed to appear at the initial status hearing and Plaintiff Skirmont failed to sign the Second Amended Complaint, the Court ordered all Plaintiffs to appear for future status hearings and for Skirmont to sign the operative pleading. (Dkts. 71, 75). Accordingly, the Second Amended Complaint filed on June 24, 2019 is the operative pleading for purposes of reviewing the instant Motions to Dismiss. (Dkt. 74).
[2] Plaintiffs' SAC utilizes inconsistent numbering of paragraphs and therefore the Court cites to the docket page number as opposed to specific paragraph numbers to avoid confusion.

at pg. 11). By September 17, 2018, the boards had been removed, but the property suffered damage as a result of them being torn off. (*Id.*). Plaintiffs informed the City and requested compensation for the damage or, in the alternative, to have the compensation credited toward the $1,200 in outstanding fines on the Hillcrest property. (*Id.* at pgs. 11-12). Over the course of the next month, Plaintiffs continued to receive fines and tickets related to the conditions of the Hillcrest property. (*Id.* at pgs. 12-13).

On October 26, 2018, the City of Markham filed a petition in the Circuit Court of Cook County seeking to have the Hillcrest property declared abandoned. (*Id.* at pgs. 6-7). Michelle Broughton-Fountain, an attorney for the City of Markham, filed the petition. (Dkt. 84-6, pg. 2). Andrea Billups-Dryer, Kiiyana Heath, Michael Skirmont, and Ralpheal Valentine are all named as defendants in the state court matter. (*Id.*). The City alleged that the property owner was delinquent on taxes for more than two years, the property was unoccupied, and that the property was unsafe, dangerous, a public hazard, and a nuisance. (Dkt. 74, pg. 7).

Just over two months after the City of Markham initiated its state court action, Plaintiffs filed the instant federal lawsuit. (Dkt. 1). The language of the SAC is meandering and, at times, incoherent, but the relief Plaintiffs seek is clear. Plaintiffs seek to have this Court enjoin Defendants from "causing further damage to the property, harassing, intimidating, illegally searching and seizure of the property," have this court declare the Hillcrest property "NOT abandoned," and to prevent the state court from "issuing a Judicial Deed to the City of Markham." (Dkt. 74, pg. 29).

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion is meant to challenge the legal sufficiency of the complaint. *Christiansen v. Cnty. of Boone, Ill.,* 483 F.3d 454, 457 (7th Cir. 2007). The Court accepts all well-pleaded allegations as true and views them in a light most favorable to plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). Though, the Court need not accept as true statements of law or statements that are merely conclusory and unsupported factual allegations. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff's complaint must allege facts that establish its right to relief is more than speculative. *Cochran v. Ill. State Toll Highway Auth.,* 828 F.3d 597, 599 (7th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). To determine whether jurisdiction exists, the court turns to the complaint along with evidence outside of the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009). A court lacking subject-matter jurisdiction must dismiss the

action without proceeding to the merits. *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006).

## DISCUSSION

The Court first addresses three recently filed Motions by Billups-Dryer. On October 21, 2019, approximately one month after Defendants' Motions to Dismiss became fully briefed, Billups-Dryer filed a Motion to Amend the SAC. (Dkt. 117). Billups-Dryer's sole ground for requesting leave to amend in her two sentence motion is that she has a "documented medical condition." *Id.* The SAC already represents Plaintiffs' third attempt at pleading their federal claims and the instant Motion comes at a highly disruptive stage of the litigation. Granting Plaintiffs leave to amend their complaint a third time at this late stage would most likely lead to yet another round of briefing on a motion to dismiss. Accordingly, Billups-Dryer's Motion for leave to amend (Dkt. 117) is denied. Fed. R. Civ. P. 15(a)(2). Billups-Dryer also seeks leave to proceed *in forma pauperis* and for this Court to recruit counsel on her behalf. (Dkts. 118, 119). The Court already denied Billups-Dryer's earlier motion for attorney representation. (Dkt. 76). Aside from considering whether an individual meets the financial requirements for relief, in reviewing applications to proceed *in forma pauperis* and for attorney representation, the district court is required to screen a plaintiff's complaint and determine whether the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Because the Court ultimately dismisses the SAC for want of subject matter

jurisdiction, Billups-Dryer's requests to proceed *in forma pauperis* and for attorney representation are dismissed. *See e.g., Cook Cty. State's Attorney ex rel. Devine v. Tyler,* 2007 WL 2028547, at *1 (N.D. Ill. July 10, 2007).

Generally speaking, a federal district court need not abstain from hearing a case merely because a state court matter exists concerning the same subject matter. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976). However, the *Younger* abstention doctrine represents an important exception to that general rule. *Younger* abstention "*requires* federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana,* 502 F.3d 590, 595 (7th Cir. 2007) (emphasis added). *Younger* abstention is implicated where a federal plaintiff is attempting to call in to question or enjoin ongoing state proceedings. *Forty One News, Inc. v. Cty. of Lake,* 491 F.3d 662, 665 (7th Cir. 2007). Federal courts must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *FreeEats.com,* 502 F.3d at 596 (quoting *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998))

Here, all four *Younger* factors are met and Plaintiffs do not mount any response to this argument in their Response.[3] First, the state court case is ongoing (Case No.

---

[3] The four Plaintiffs each filed a single Response. (Dkts. 88, 89, 90, 91). The responses are identical and purport to be a combined Response to each of the three pending Motions to Dismiss. Therefore, any reference to Plaintiffs' Response is collective in nature.

2018 M6 012211) and no doubt judicial in nature. *See Taylor v. Marion Cty. Circuit Court No. 1,* 284 F. App'x 354, 357 (7th Cir. 2008) ("[A] lawsuit filed in a state court is undisputably judicial in nature, regardless of the parties involved."). Second, the state court abandonment proceeding implicates a legitimate and important state interest. *See Goodluck v. City of Chicago,* 70 F.3d 1274 (7th Cir. 1995) (affirming district court's exercise of *Younger* abstention where City of Chicago had initiated state court abandonment proceedings). The state has a legitimate interest in enforcing its laws and codes for purposes of public health and safety. *Vill. of Lake Villa v. Stokovich,* 211 Ill. 2d 106, 129 (2004). Third, the state court proceeding provides Plaintiffs with an adequate opportunity to air their claims. Plaintiffs do not contest they had timely notice of the abandonment proceedings nor do they argue that such proceedings are inadequate for purposes of their federal claims. In fact, the abandonment proceedings provide Plaintiffs with the opportunity to challenge the abandonment or, alternatively, to repair the property. 65 Ill. Comp. Stat. Ann. 5/11-31-1(d).

Finally, because Plaintiffs do not respond to Defendants' argument that *Younger* abstention is appropriate here, they likewise present no exceptional circumstances which would caution against abstention. Exceptional circumstances exist where "(1) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith, or (2) the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." *FreeEats.com, Inc.,* 502 F.3d at 596-97 (internal citations and

quotations omitted). There is no evidence in the record or the pleadings that the City of Markham initiated the abandonment petition in bad faith or that extraordinarily pressing circumstances exist justifying immediate equitable relief in a federal court. Rather, all Plaintiffs are parties to the state court proceedings and have a full and fair opportunity to present their case in that forum.

The SAC and Plaintiffs' Responses are clear attempts to litigate who the rightful owner of the Hillcrest property is, dispute certain fines and tickets imposed on the property, and preemptively void any order from the Circuit Court of Cook County. There is simply no mistaking that Plaintiffs are attempting to use this federal lawsuit to interfere with active state court proceedings, in direct conflict with the explicit purpose of *Younger*. *FreeEats.com, Inc.,* 502 F.3d at 595 ("The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts.") (internal quotations omitted). Plaintiffs openly ask this Court to declare the Hillcrest property not to be abandoned—a matter presently before the state court and being actively litigated. (Dkt. 74, pg. 29). Plaintiffs also seek the to have this Court enjoin the state court from issuing a Judicial Deed to the City of Markham—a form of interference flatly disclosed by *Younger*. *Id.*; *FreeEats.com, Inc.,* 502 F.3d at 596; *SKS & Assocs., Inc. v. Dart,* 619 F.3d 674, 682 (7th Cir. 2010) ("[W]hen [a] section 1983 action seeks to impose federal supervision on state court proceedings, the federal courts must defer to the state's sovereignty over the management of its courts…"). Plaintiffs' thinly veiled attempt to dress its state court dispute as a federal civil rights action fails. *Younger* abstention prohibits

this Court from exercising jurisdiction over Plaintiffs' claims and therefore Defendants' Motions to Dismiss are granted.

## **CONCLUSION**

For the reasons stated within, Defendants' Motions to Dismiss are granted. (Dkts. 80, 82, 83). Pursuant to the *Younger* abstention doctrine, this Court lacks subject matter jurisdiction over the case and Plaintiffs' Second Amended Complaint is dismissed without prejudice. Additionally, Billups-Dryer's Motion to Amend the SAC is denied, and her application for leave to proceed *in forma pauperis* and Motion for attorney representation are dismissed. (Dkts. 117, 118, 119).

_____
Virginia M. Kendall
United States District Judge

Date: November 1, 2019